**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| PAINTEQ, LLC, | CASE NO. 8:20-cv-2805 |
| Plaintiff, | JUDGE |
| vs. | MAGISTRATE JUDGE |
| OMNIA MEDICAL, LLC, | |
| Defendant. | |
| _____/ | |

## NOTICE OF REMOVAL

Defendant Omnia Medical, LLC ("Omnia Medical"), by and through undersigned counsel, respectfully states as follows:

1. By this Notice of Removal, Omnia Medical exercises its right under the provisions of 28 U.S.C. §§ 1441, *et seq.*, to remove this action from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida to this Court.

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and this action is one that may be removed by Omnia Medical, because it is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship among the parties.

3. On April 8, 2020, Plaintiff PainTEQ, LLC ("PainTEQ") commenced a civil action in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, naming as the sole defendant Chad Subasic ("Mr. Subasic"). The matter was assigned case number 20-CA-003136 ("State Court Action").

4. On June 2, 2020, PainTEQ filed an Amended Complaint in the State Court Action, which added Omnia Medical as an additional defendant. A true and correct copy of

1

PainTEQ's Verified Amended Complaint against Omnia Medical is attached as **Exhibit A**, along with a true and correct copy of the Summons issued to Omnia Medical by the Clerk of Court in the State Court Action.

5. On October 29, 2020, PainTEQ and Mr. Subasic entered into a Stipulation of Dismissal in the State Court Action, which requested that "all claims between them only be dismissed with prejudice" pursuant to Fla. R. Civ. P. 1.420(a)(1)(B). Later that same day, the Court in the State Court Action entered an Order Approving Stipulation, which granted PainTEQ's and Mr. Subasic's mutual requests for voluntary dismissal of all claims against each other. By virtue of entry of the Order Approving Stipulation, the only parties remaining in the State Court Action as of October 29, 2020 are PainTEQ as Plaintiff and Omnia Medical as Defendant. A true and correct copy of the Order Approving Stipulation is attached as **Exhibit B.**

6. According to the Eleventh Circuit Court of Appeals, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

7. Omnia Medical is an Ohio limited liability company with its principal place of business in Morgantown, West Virginia, and other corporate offices located in Columbus, Ohio. All members of Omnia Medical are individual persons who are citizens of the States of Ohio, West Virginia, and California.

8. According to the Verified Amended Complaint in the State Court Action, PainTEQ is a Florida limited liability company with its principal place of business in Hillsborough County, Florida. Based on a reasonable investigation conducted before filing this Notice of Removal, Omnia Medical believes and therefore alleges that the members of PainTEQ are: (i) OMT Group LLC ("OMT Group"), a Florida limited liability company, and (ii) Colty

Investments Group, Inc., a Florida corporation with its principal place of business in the State of Florida. Based on a reasonable investigation conducted before filing this Notice of Removal, Omnia Medical believes and therefore alleges that the sole member and manager of OMT Group is Sean LaNeve, who is a citizen of the State of Florida. Finally, based on a reasonable investigation conducted before filing this Notice of Removal, Omnia Medical believes and therefore alleges that Michael Enxing, a citizen of the State of Florida, may also have a direct or indirect ownership interest in PainTEQ based on his recent appointment to the PainTEQ Board of Directors. Therefore, PainTEQ is deemed to be a citizen of the State of Florida. Additionally and/or alternatively, Omnia Media believes and therefore alleges that any other members of PainTEQ are citizens of states other than the States of Ohio, West Virginia, and California.

9. Based on the information set forth above, each member of Omnia Medical is a citizen/entity of a state other than the State of Florida, which is the state of citizenship of each and every member of PainTEQ. Accordingly, complete diversity of citizenship within the meaning of 28 U.S.C. §§ 1332 and 1441 exists as between PainTEQ as Plaintiff and Omnia Medical as Defendant.

10. According to the Verified Amended Complaint in the State Court Action, Mr. Subasic is a citizen of the State of Florida.

11. As to the amount in controversy, the Verified Amended Complaint in the State Court Action purports to assert two causes of action against Omnia Medical: Count Five purports to assert a claim for tortious interference with a business relationship, and Count Six purports to assert a claim for violation of Florida's Uniform Trade Secrets Act based on misappropriation of trade secrets by acquisition and use.

{03600446 -3}

12. In the Prayer for Relief for Count Five, PainTEQ indicates it will seek to recover damages in an amount to be determined at trial that exceeds $30,000.00, consisting of "compensatory damages" and "consequential damages, including lost profits."

13. In the Prayer for Relief for Count Six, PainTEQ indicates it will seek to recover damages in an amount to be determined at trial that exceeds $30,000.00, consisting of "the actual loss caused by the misappropriation"; "the unjust enrichment caused by the misappropriation that is not taken into account in computing the actual loss"; "a reasonable royalty"; and "exemplary damages in an amount of twice the total of the actual loss, the unjust enrichment, and the reasonable royalty."

14. Accordingly, on information and belief, PainTEQ seeks to recover from Omnia Medical an amount that exceeds $75,000.00, exclusive of interest and costs.

15. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(3) in that it is made within thirty days of Omnia Medical's receipt of a copy of the Order Approving Stipulation from which it may first be ascertained that the State Court Action has become removable. Specifically, the claims in the State Court Action against Mr. Subasic, who was also a citizen the State of Florida (and thus created a lack of complete diversity between all plaintiffs and all defendants in the State Court Action), were voluntarily dismissed with prejudice by PainTEQ on October 29, 2020. This left Omnia Medical as the sole defendant, thereby creating complete diversity of citizenship between all plaintiffs and all defendants as of that date. *See, e.g.*, *Farah v. Guardian Ins. & Annuity Co., Inc.*, No. 17-20303-CIV, 2017 WL 3261604, at *4 (S.D. Fla. Aug. 1, 2017) (recognizing that "if the resident defendant was dismissed from the case by the voluntary act of the plaintiff, the case became removable . . ."), *report and recommendation adopted*, 2017 WL 7794278 (S.D. Fla. Aug. 15, 2017).

16. This Notice is timely. Because the thirtieth day fell on Saturday, November 28, 2020, the deadline for removal is extended pursuant to Fed. R. Civ. P. 6(a)(1)(C) to the next regular business day, Monday, November 30, 2020. *See, e.g.*, *Wells v. Gateways Hosp. & Mental Health Ctr.*, 76 F.3d 390, 390 (9th Cir. 1996) (rejecting plaintiff's contention that defendant's notice of removal filed on Monday, April 3, 1995 was untimely "because April 2 was a Sunday; therefore, under Fed.R.Civ.P. 6(a) the time period was extended to April 3"); *Blue Heron Beach Resort Developer, LLC v. Branch Banking & Trust Co.*, No. 6:13-cv-372-Orl-36TBS, 2014 WL 2625255, at *5 n.5 (M.D. Fla. June 12, 2014) ("Removal was timely as BB & T was served with the Complaint on February 1, 2013 . . . and because the 30th day following service of the Complaint was a Sunday (March 3, 2013), the time to file the Notice of Removal extended to the next day (March 4, 2013).").

17. Written notice of the filing of this Notice of Removal shall be given to PainTEQ, as required by law.

18. A true copy of this Notice of Removal shall be filed with the Clerk of Court of the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, as required by law.

19. Pursuant to 28 U.S.C. § 1446 (a) and Local Rule 4.02(b), Omnia Medical has attached copies of all process, pleadings, orders and other papers or exhibits on file with the state court as composite **Exhibit C.**

20. By filing this Notice of Removal, Omnia Medical does not waive any defenses specified in Fed. R. Civ. P. 12, or any other defense.

WHEREFORE, Omnia Medical respectfully removes this action to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §§ 1441, *et. seq.*

Dated: November 30, 2020

Respectfully submitted,

/s/ *Matthew G. Davis*
E.A. "Seth" Mills, Jr.
Florida Bar No. 339652
*smills@mpdlegal.com*
Matthew G. Davis
Florida Bar No. 58464
*mdavis@mpdlegal.com*
MILLS PASKERT DIVERS
100 North Tampa Street, Suite 3700
Tampa, FL 33602
813.229.3500 (telephone)
813.229.3502 (facsimile)


Ralph E. Cascarilla
Florida Bar No. 315303
*rcascarilla@walterhav.com*
WALTER | HAVERFIELD LLP
1301 E. Ninth Street, Suite 3500
Cleveland, OH 44114
216.928.2908 (direct dial)
216.916.2346 (direct facsimile)
*Counsel for Omnia Medical, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Matthew G. Davis*
Matthew G. Davis

{03600446 -3}