**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PAINTEQ, LLC,                                        CASE NO. 8:20-cv-02805-VMC-AAS

     Plaintiff,

     vs.

OMNIA MEDICAL, LLC,

     Defendant.

_____/

**DEFENDANT OMNIA MEDICAL, LLC'S ANSWER AND AFFIRMATIVE AND**
**OTHER DEFENSES TO SECOND AMENDED COMPLAINT WITH**
**<u>COUNTERCLAIM AND DEMAND FOR JURY TRIAL</u>**

**INJUNCTIVE RELIEF SOUGHT**

Defendant Omnia Medical, LLC ("Omnia Medical"), by and through undersigned counsel, for its ***Answer With Affirmative and Other Defenses*** to the Second Amended Complaint of Plaintiff PainTEQ, LLC, using the same paragraph numbering as the Second Amended Complaint, states as follows:

**I.     Jurisdiction, Parties, and Venue**

1.     In response to the allegations of Paragraph 1 of the Second Amended Complaint, Omnia Medical admits this Court has subject matter jurisdiction over this matter, but denies that PainTEQ is entitled to any of the relief it seeks.

2.     Omnia Medical admits the allegations of Paragraph 2 of the Second Amended Complaint.

3.     Omnia Medical admits the allegations of Paragraph 3 of the Second Amended Complaint.

4.      In response to the allegations of Paragraph 4 of the Second Amended Complaint, Omnia Medical admits this Court has personal jurisdiction over Omnia Medical, but denies all other allegations.

5.      In response to the allegations of Paragraph 5 of the Second Amended Complaint, Omnia Medical admits this case was properly removed to this Court pursuant to 28 U.S.C. § 1441(a), which fixes venue in this district and division. *See, e.g.*, *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953); *Hollis v. Florida State Univ.*, 259 F.3d 1295, 1299 (11th Cir. 2001). However, based on a valid forum selection clause in a written agreement between PainTEQ and Omnia Medical, Omnia Medical is contemporaneously filing a Motion to Transfer Venue to the Southern District of Ohio pursuant to 28 U.S.C. § 1404 for the convenience of the parties and witnesses, and in the interest of justice. A request to transfer venue under § 1404 is not waived by a defendant first filing a responsive pleading. *See, e.g.*, *Intrepid Potash-New Mexico, L.L.C. v. U.S. Dep't of Interior*, 669 F.Supp.2d 88, 92 (D.D.C. 2009).

## II.      General Allegations

6.      The allegations of Paragraph 6 of the Second Amended Complaint do not require a response from Omnia Medical. To the extent that they do, Omnia Medical admits that through the Second Amended Complaint, PainTEQ seeks various forms of relief. Omnia Medical denies all remaining allegations of Paragraph 6 and that PainTEQ is entitled to any relief.

### A.      PainTEQ's vision for interventional pain management

7.      Omnia Medical admits the allegations of Paragraph 7 of the Second Amended Complaint.

8.      Omnia Medical denies the allegations of Paragraph 8 of the Second Amended Complaint.

2

9.      Omnia Medical is without knowledge as to the allegations of Paragraph 9 of the Second Amended Complaint and therefore denies same.

10.     Omnia Medical is without knowledge as to the allegations of Paragraph 10 of the Second Amended Complaint and therefore denies same.

11.     Omnia Medical is without knowledge as to the allegations of Paragraph 11 of the Second Amended Complaint and therefore denies same.

12.     Omnia Medical is without knowledge as to the allegations of Paragraph 12 of the Second Amended Complaint and therefore denies same.

13.     In response to the allegations of Paragraph 13 of the Second Amended Complaint, Omnia Medical admits that PainTEQ formerly served as a distributor for Omnia Medical, but denies all other allegations.

14.     In response to the allegations of Paragraph 14 of the Second Amended Complaint, Omnia Medical admits that PainTEQ formerly served as a distributor for Omnia Medical, but denies all other allegations.

**B.      Omnia Medical's inability to meet demand created by PainTEQ gives rise to the LinQ™ procedure**

15.     Omnia Medical denies the allegations of Paragraph 15 of the Second Amended Complaint.

16.     Omnia Medical is without knowledge as to the allegations of Paragraph 16 of the Second Amended Complaint and therefore denies same.

17.     Omnia Medical denies the allegations of Paragraph 17 of the Second Amended Complaint.

18.     Omnia Medical is without knowledge as to the allegations of Paragraph 18 of the Second Amended Complaint and therefore denies same.

19.     Omnia Medical denies the allegations of Paragraph 19 of the Second Amended Complaint.

20.     Omnia Medical denies the allegations of Paragraph 20 of the Second Amended Complaint.

21.     Omnia Medical is without knowledge as to the allegations of Paragraph 21 of the Second Amended Complaint and therefore denies same.

22.     In response to the allegations of Paragraph 22 of the Second Amended Complaint, Omnia Medical admits that the existence of the LinQ™ procedure, but denies all other allegations.

23.     Omnia Medical is without knowledge as to the allegations of Paragraph 23 of the Second Amended Complaint relating to PainTEQ's procedures and therefore denies same.

24.     Omnia Medical is without knowledge as to the allegations of Paragraph 24 of the Second Amended Complaint and therefore denies same.

25.     Omnia Medical is without knowledge as to the allegations of Paragraph 25 of the Second Amended Complaint and therefore denies same.

26.     Omnia Medical is without knowledge as to the allegations of Paragraph 26 of the Second Amended Complaint and therefore denies same.

27.     Omnia Medical is without knowledge as to the allegations of Paragraph 27 of the Second Amended Complaint and therefore denies same.

### C.     PainTEQ's sales team

28.     In response to the allegations of Paragraph 28 of the Second Amended Complaint, Omnia Medical admits that PainTEQ employs sales representatives, but denies all other allegations.

{03575620 -7}

29.     Omnia Medical is without knowledge as to the allegations of Paragraph 29 of the Second Amended Complaint and therefore denies same.

30.     Omnia Medical admits the allegations of Paragraph 30 of the Second Amended Complaint. As to footnote 1, Omnia Medical is without knowledge as to Mr. Subasic's agreement with PainTEQ and therefore denies same.

31.     Omnia Medical is without knowledge as to the allegations of Paragraph 31 of the Second Amended Complaint and therefore denies same.

32.     Omnia Medical is without knowledge as to the allegations of Paragraph 32 of the Second Amended Complaint and therefore denies same.

33.     Omnia Medical is without knowledge as to the allegations of Paragraph 33 of the Second Amended Complaint and therefore denies same.

34.     Omnia Medical is without knowledge as to the allegations of Paragraph 34 of the Second Amended Complaint and therefore denies same.

35.     Omnia Medical is without knowledge as to the allegations of Paragraph 35 of the Second Amended Complaint and therefore denies same.

36.     Omnia Medical is without knowledge as to the allegations of Paragraph 36 of the Second Amended Complaint and therefore denies same.

37.     Omnia Medical is without knowledge as to the allegations of Paragraph 37 of the Second Amended Complaint and therefore denies same.

38.     Omnia Medical is without knowledge as to the allegations of Paragraph 38 of the Second Amended Complaint and therefore denies same.

39.     Omnia Medical is without knowledge as to the allegations of Paragraph 39 of the Second Amended Complaint and therefore denies same.

40.     Omnia Medical denies the allegations of Paragraph 40 of the Second Amended Complaint.

41.     Omnia Medical is without knowledge as to the allegations of Paragraph 41 of the Second Amended Complaint and therefore denies same.

42.     Omnia Medical admits the allegations of Paragraph 42 of the Second Amended Complaint.

43.     Omnia Medical is without knowledge as to the allegations of Paragraph 43 of the Second Amended Complaint and therefore denies same.

44.     Omnia Medical is without knowledge as to the allegations of Paragraph 44 of the Second Amended Complaint and therefore denies same.

45.     Omnia Medical is without knowledge as to the allegations of Paragraph 45 of the Second Amended Complaint and therefore denies same.

46.     Omnia Medical is without knowledge as to the allegations of Paragraph 46 of the Second Amended Complaint and therefore denies same.

47.     Omnia Medical is without knowledge as to the allegations of Paragraph 47 of the Second Amended Complaint and therefore denies same.

48.     Omnia Medical is without knowledge as to the allegations of Paragraph 48 of the Second Amended Complaint, and therefore denies same.

49.     In response to the allegations of Paragraph 49 of the Second Amended Complaint, Omnia Medical states that Exhibits A through E to the Second Amended Complaint speak for themselves. To the extent the allegations of this Paragraph are inconsistent with Exhibits A through E, denied. Further, Omnia Medical reserves all objections as to the admissibility of Exhibits A through E, including, but not limited to, authenticity, best evidence, hearsay and

{03575620 -7}

relevance. Omnia Medical denies that the agreements contained in Exhibits A though E are enforceable.

50.    In response to the allegations of Paragraph 50 of the Second Amended Complaint, Omnia Medical admits that Exhibits A through E to the Second Amended Complaint speak for themselves. To the extent the allegations of this Paragraph are inconsistent with Exhibits A through E, denied. Further, Omnia Medical reserves all objections as to the admissibility of Exhibits A through E, including, but not limited to, authenticity, best evidence, hearsay and relevance. Omnia Medical denies that the agreements contained in Exhibits A through E are enforceable.

51.    In response to the allegations of Paragraph 51 of the Second Amended Complaint, Omnia Medical admits that Exhibits A through E to the Second Amended Complaint speak for themselves. To the extent the allegations of this Paragraph are inconsistent with Exhibits A through E, denied. Further, Omnia Medical reserves all objections as to the admissibility of Exhibits A through E, including, but not limited to, authenticity, best evidence, hearsay and relevance. Omnia Medical denies that the agreements contained in Exhibits A through E are enforceable.

52.    In response to the allegations of Paragraph 52 of the Second Amended Complaint, Omnia Medical admits that Exhibits A through E to the Second Amended Complaint speak for themselves. To the extent the allegations of this Paragraph are inconsistent with Exhibits A through E, denied. Further, Omnia Medical reserves all objections as to the admissibility of Exhibits A through E, including, but not limited to, authenticity, best evidence, hearsay and relevance. Omnia Medical denies that the agreements contained in Exhibits A through E are enforceable.

{03575620 -7}

53.     In response to the allegations of Paragraph 53 of the Second Amended Complaint, Omnia Medical admits that Exhibits A through E to the Second Amended Complaint speak for themselves. To the extent the allegations of this Paragraph are inconsistent with Exhibits A through E, denied. Further, Omnia Medical reserves all objections as to the admissibility of Exhibits A through E, including, but not limited to, authenticity, best evidence, hearsay and relevance. Omnia Medical denies that the agreements contained in Exhibits A through E are enforceable.

54.     In response to the allegations of Paragraph 54 of the Second Amended Complaint, Omnia Medical admits that Exhibits A through E to the Second Amended Complaint speak for themselves. To the extent the allegations of this Paragraph are inconsistent with Exhibits A through E, denied. Further, Omnia Medical reserves all objections as to the admissibility of Exhibits A through E, including, but not limited to, authenticity, best evidence, hearsay and relevance. Omnia Medical denies that the agreements contained in Exhibits A through E are enforceable.

55.     In response to the allegations of Paragraph 55 of the Second Amended Complaint, Omnia Medical admits that Exhibits A through E to the Second Amended Complaint speak for themselves. To the extent the allegations of this Paragraph are inconsistent with Exhibits A through E, denied. Further, Omnia Medical reserves all objections as to the admissibility of Exhibits A through E, including, but not limited to, authenticity, best evidence, hearsay and relevance. Omnia Medical denies that the agreements contained in Exhibits A through E are enforceable.

56.     In response to the allegations of Paragraph 56 of the Second Amended Complaint, Omnia Medical admits that Exhibits A through E to the Second Amended Complaint speak for

themselves. To the extent the allegations of this Paragraph are inconsistent with Exhibits A through E, denied. Further, Omnia Medical reserves all objections as to the admissibility of Exhibits A through E, including, but not limited to, authenticity, best evidence, hearsay and relevance. Omnia Medical denies that the agreements contained in Exhibits A through E are enforceable.

57.     In response to the allegations of Paragraph 57 of the Second Amended Complaint, Omnia Medical admits that Exhibits A through E to the Second Amended Complaint speak for themselves. To the extent the allegations of this Paragraph are inconsistent with Exhibits A through E, denied. Further, Omnia Medical reserves all objections as to the admissibility of Exhibits A through E, including, but not limited to, authenticity, best evidence, hearsay and relevance. Omnia Medical denies that the agreements contained in Exhibits A through E are enforceable. Omnia Medical denies the allegations of Paragraph 57 of the Second Amended Complaint.

58.     Omnia Medical denies the allegations of Paragraph 58 of the Second Amended Complaint.

59.     Omnia Medical denies the allegations of Paragraph 59 of the Second Amended Complaint.

**D.     Omnia Medical seized on the adversity caused by the COVID-19 pandemic to seek revenge against PainTEQ**

60.     Omnia Medical is without knowledge as to the allegations of Paragraph 60 of the Second Amended Complaint and therefore denies same.

61.     Omnia Medical is without knowledge as to the allegations of Paragraph 61 of the Second Amended Complaint and therefore denies same.

9

62.     Omnia Medical is without knowledge as to the allegations of Paragraph 62 of the Second Amended Complaint and therefore denies same.

63.     Omnia Medical is without knowledge as to the allegations of Paragraph 63 of the Second Amended Complaint and therefore denies same.

64.     Omnia Medical is without knowledge as to the allegations of Paragraph 64 of the Second Amended Complaint and therefore denies same.

65.     In response to the allegations of Paragraph 65 of the Second Amended Complaint, Omnia Medical admits that the COVID-19 pandemic had significant adverse impacts on large swaths of the American economy, including the medical industry, but denies all remaining allegations.

66.     Omnia Medical is without knowledge as to the allegations of Paragraph 66 of the Second Amended Complaint and therefore denies same.

67.     Omnia Medical is without knowledge as to the allegations of Paragraph 67 of the Second Amended Complaint and therefore denies same.

68.     Omnia Medical is without knowledge as to the allegations of Paragraph 68 of the Second Amended Complaint and therefore denies same.

69.     Omnia Medical is without knowledge as to the allegations of Paragraph 69 of the Second Amended Complaint and therefore denies same.

70.     Omnia Medical is without knowledge as to the allegations of Paragraph 70 of the Second Amended Complaint (including footnote 2) and therefore denies same.

71.     Omnia Medical is without knowledge as to the allegations of Paragraph 71 of the Second Amended Complaint and therefore denies same

72.     Omnia Medical is without knowledge as to the allegations of Paragraph 72 of the Second Amended Complaint and therefore denies same

73.     Omnia Medical is without knowledge as to the allegations of the first sentence of Paragraph 73 of the Second Amended Complaint and therefore denies same. In response to the allegations of the second sentence of Paragraph 73 of the Second Amended Complaint, Omnia Medical states that Exhibit F to the Second Amended Complaint speaks for itself. To the extent the allegations of this Paragraph are inconsistent with Exhibit F, denied. Further, Omnia Medical reserves all objections as to the admissibility of Exhibit F, including, but not limited to, authenticity, best evidence, hearsay and relevance. Because Omnia Medical denies that the agreements contained in Exhibits A through E are enforceable, Omnia Medical similarly denies that Exhibit F has any force or effect. Omnia Medical is without knowledge, and therefore denies, the allegations contained in footnote 3, and similarly reserves all objections with respect to the admissibility of Exhibit G.

74.     Omnia Medical is without knowledge as to the allegations of Paragraph 74 of the Second Amended Complaint and therefore denies same.

75.     Omnia Medical denies the allegations of Paragraph 75 of the Second Amended Complaint.

76.     Omnia Medical denies the allegations of Paragraph 76 of the Second Amended Complaint.

77.     Omnia Medical denies the allegations of Paragraph 77 of the Second Amended Complaint.

{03575620 -7}

78.     In response to the allegations of Paragraph 78, Omnia Medical admits that Thomas Balton has been employed by Omnia Medical, but denies all remaining allegations in this Paragraph.

79.     Omnia Medical denies the allegations of Paragraph 79 of the Second Amended Complaint.

80.     Omnia Medical is without knowledge as to the allegations of Paragraph 80 of the Second Amended Complaint and therefore denies same.

81.     Omnia Medical denies the allegations of Paragraph 81 of the Second Amended Complaint.

82.     Omnia Medical denies the allegations of Paragraph 82 of the Second Amended Complaint.

83.     Omnia Medical denies the allegations of Paragraph 83 of the Second Amended Complaint. Omnia Medical further reserves all objections with respect to Exhibit H.

84.     Omnia Medical denies the allegations of Paragraph 84 of the Second Amended Complaint.

85.     Omnia Medical is without knowledge as to the allegations of Paragraph 85 of the Second Amended Complaint and therefore denies same.

86.     Omnia Medical is without knowledge as to the allegations of Paragraph 86 of the Second Amended Complaint and therefore denies same. Omnia Medical reserves all objections with respect to the admissibility of Exhibit I.

87.     Omnia Medical is without knowledge as to the allegations of Paragraph 87 of the Second Amended Complaint and therefore denies same.

12

88.     Omnia Medical is without knowledge as to the allegations of Paragraph 88 of the Second Amended Complaint and therefore denies same. Omnia Medical reserves all objections with respect to the admissibility of Exhibit J.

89.     Omnia Medical is without knowledge as to the allegations of Paragraph 89 of the Second Amended Complaint and therefore denies same.

90.     Omnia Medical is without knowledge as to the allegations of Paragraph 90 of the Second Amended Complaint and therefore denies same. Omnia Medical reserves all objections with respect to Exhibit K.

91.     Omnia Medical denies the allegations of Paragraph 91 of the Second Amended Complaint.

92.     Omnia Medical is without knowledge as to the allegations of Paragraph 92 of the Second Amended Complaint and therefore denies same.

93.     Omnia Medical is without knowledge as to the allegations of Paragraph 93 of the Second Amended Complaint and therefore denies same. Omnia Medical reserves all objections with respect to the admissibility of Exhibit L.

94.     Omnia Medical is without knowledge as to the allegations of Paragraph 94 of the Second Amended Complaint and therefore denies same.

95.     Omnia Medical is without knowledge as to the allegations of Paragraph 95 of the Second Amended Complaint and therefore denies same.

96.     Omnia Medical is without knowledge as to the allegations of Paragraph 96 of the Second Amended Complaint and therefore denies same.

97.     Omnia Medical is without knowledge as to the allegations of Paragraph 97 of the Second Amended Complaint and therefore denies same.

{03575620 -7}

98.     Omnia Medical is without knowledge as to the allegations of Paragraph 98 of the Second Amended Complaint and therefore denies same.

99.     Omnia Medical is without knowledge as to the allegations of Paragraph 99 of the Second Amended Complaint and therefore denies same.

100.    Omnia Medical denies the allegations of Paragraph 100 of the Second Amended Complaint.

E.     **Despite PainTEQ obtaining injunctions against Mr. Subasic, Omnia Medical has failed to stop its illicit activities.**

101.    Omnia Medical admits that on June 11, 2020, the state court held a hearing on PainTEQ's request for an injunction involving Mr. Subasic. Omnia Medical is without knowledge as to the remaining allegations of Paragraph 101 of the Second Amended Complaint and therefore denies same.

102.    Omnia Medical admits the allegations of Paragraph 102 of the Second Amended Complaint.

103.    Omnia Medical is without knowledge as to the allegations of the first sentence of Paragraph 103 of the Second Amended Complaint and therefore denies same. In response to the allegations of the second sentence of Paragraph 103 of the Second Amended Complaint, Omnia Medical states that Exhibit M is the best evidence of its contents, but denies the remaining allegations.

104.    In response to the allegations of Paragraph 104 of the Second Amended Complaint, Omnia Medical states that Exhibit N is the best evidence of its contents, but denies the remaining allegations.

{03575620 -7}

105.    In response to the allegations of Paragraph 105 of the Second Amended Complaint, Omnia Medical states that Exhibit N is the best evidence of its contents, but denies the remaining allegations.

106.    Omnia Medical admits the allegations of the first sentence of Paragraph 106 of the Second Amended Complaint. In response to the allegations of the second sentence of Paragraph 106 of the Second Amended Complaint, Omnia Medical admits that it has had settlement discussions with PainTEQ to resolve the claims of both parties, which are privileged and not admissible evidence, for any purpose, and denies the remaining allegations.

107.    Omnia Medical is without knowledge as to the allegations of Paragraph 107 of the Second Amended Complaint and therefore denies same.

108.    Omnia Medical denies the allegations of Paragraph 108 of the Second Amended Complaint.

109.    Omnia Medical is without knowledge as to the allegations of Paragraph 109 of the Second Amended Complaint and therefore denies same.

110.    Omnia Medical is without knowledge as to the allegations of Paragraph 110 of the Second Amended Complaint and therefore denies same.

111.    Omnia Medical denies the allegations of Paragraph 111 of the Second Amended Complaint.

112.    Omnia Medical denies the allegations in subparagraphs (a) and (b) of Paragraph 112 of the Second Amended Complaint, and is without knowledge as to the allegations of subparagraphs (c) through (e) of Paragraph 112, and therefore denies same.

113.    Omnia Medical is without knowledge as to the allegations of Paragraph 113 of the Second Amended Complaint and therefore denies same.

{03575620 -7}

114.     Omnia Medical is without knowledge as to the allegations of Paragraph 114 of the Second Amended Complaint and therefore denies same.

115.     Omnia Medical is without knowledge as to the allegations of Paragraph 115 of the Second Amended Complaint and therefore denies same.

116.     Omnia Medical denies the allegations of Paragraph 116 of the Second Amended Complaint and therefore denies same.

117.     Omnia Medical is without knowledge as to the allegations of Paragraph 117 of the Second Amended Complaint and therefore denies same.

118.     Omnia Medical is without knowledge as to the allegations of Paragraph 118 of the Second Amended Complaint and therefore denies same.

119.     Omnia Medical is without knowledge as to the allegations of Paragraph 119 of the Second Amended Complaint and therefore denies same.

**Count One**
**Violation of Florida's Uniform Trade Secrets Act**
**Misappropriation of Trade Secrets by Use and Disclosure Against Omnia Medical**

120.     Omnia Medical realleges and incorporates by reference its responses to Paragraphs 1 through 119 of the Second Amended Complaint.

121.     In response to the allegations of Paragraph 121 of the Second Amended Complaint, Omnia Medical admits that through the Second Amended Complaint, PainTEQ seeks relief against Omnia Medical, but denies that PainTEQ is entitled to any relief.

122.     Omnia Medical is without knowledge as to the allegations of Paragraph 122 of the Second Amended Complaint and therefore denies same.

123.     Omnia Medical denies the allegations of Paragraph 123 of the Second Amended Complaint.

16

124.    Omnia Medical denies the allegations of Paragraph 124 of the Second Amended Complaint.

125.    In response to the allegations of Paragraph 125 of the Second Amended Complaint, Omnia Medical admits that Exhibits A through E to the Second Amended Complaint speak for themselves. To the extent the allegations of this Paragraph are inconsistent with Exhibits A through E, denied. Further, Omnia Medical reserves all objections as to the admissibility of Exhibits A through E, including, but not limited to, authenticity, best evidence, hearsay and relevance. Omnia Medical denies that the agreements contained in Exhibits A through E are enforceable.

126.    Omnia Medical denies the allegations of Paragraph 126 of the Second Amended Complaint.

127.    Omnia Medical denies the allegations of Paragraph 127 of the Second Amended Complaint.

128.    Omnia Medical denies the allegations of Paragraph 128 of the Second Amended Complaint.

129.    Omnia Medical denies the allegations of Paragraph 129 of the Second Amended Complaint.

130.    Omnia Medical denies the allegations of Paragraph 130 of the Second Amended Complaint.

131.    Omnia Medical denies the allegations of Paragraph 131 of the Second Amended Complaint.

**Count Two**
**Tortious Interference with a Business Relationship against Omnia Medical**

132.   Omnia Medical realleges and incorporates by reference its responses to Paragraphs 1 through 119 of the Second Amended Complaint.

133.   In response to the allegations of Paragraph 133 of the Second Amended Complaint, Omnia Medical admits that through the Second Amended Complaint, PainTEQ seeks relief against Omnia Medical, but denies that PainTEQ is entitled to any relief.

134.   Omnia Medical is without knowledge as to the allegations of Paragraph 134 of the Second Amended Complaint and therefore denies same.

135.   Omnia Medical denies the allegations of Paragraph 135 of the Second Amended Complaint.

136.   Omnia Medical denies the allegations of Paragraph 136 of the Second Amended Complaint.

137.   Omnia Medical denies the allegations of Paragraph 137 of the Second Amended Complaint.

138.   Omnia Medical denies the allegations of Paragraph 138 of the Second Amended Complaint.

**Count Three**
**Tortious Interference with a Contractual Relationship against Omnia Medical**

139.   Omnia Medical realleges and incorporates by reference its responses to Paragraphs 1 through 119 of the Second Amended Complaint.

140.   In response to the allegations of Paragraph 140 of the Second Amended Complaint, Omnia Medical admits that through the Second Amended Complaint, PainTEQ seeks relief against Omnia Medical, but denies that PainTEQ is entitled to any relief.

{03575620 -7}

141.     Omnia Medical is without knowledge as to the allegations of Paragraph 141 of the Second Amended Complaint and therefore denies same, except that Omnia Medical states that Exhibits A through E are the best evidence of their contents

142.     Omnia Medical denies the allegations of Paragraph 142 of the Second Amended Complaint.

143.     Omnia Medical denies the allegations of Paragraph 143 of the Second Amended Complaint.

144.     Omnia Medical denies the allegations of Paragraph 144 of the Second Amended Complaint.

145.     Omnia Medical denies the allegations of Paragraph 145 of the Second Amended Complaint.

**Count Four**
**Defamation against Omnia Medical**

146.     Omnia Medical realleges and incorporates by reference its responses to Paragraphs 1 through 119 of the Second Amended Complaint.

147.     In response to the allegations of Paragraph 147 of the Second Amended Complaint, Omnia Medical admits that through the Second Amended Complaint, PainTEQ seeks relief against Omnia Medical, but denies that PainTEQ is entitled to any relief.

148.     Omnia Medical denies the allegations of Paragraph 148 of the Second Amended Complaint.

149.     Omnia Medical denies the allegations of Paragraph 149 of the Second Amended Complaint.

150.     Omnia Medical denies the allegations of Paragraph 150 of the Second Amended Complaint, including subparagraphs (a) through (c).

151.     Omnia Medical denies the allegations of Paragraph 151 of the Second Amended Complaint.

152.     Omnia Medical denies the allegations of Paragraph 152 of the Second Amended Complaint.

153.     Omnia Medical denies the allegations of Paragraph 153 of the Second Amended Complaint.

154.     Omnia Medical denies the allegations of Paragraph 154 of the Second Amended Complaint.

155.     Omnia Medical denies the allegations of Paragraph 155 of the Second Amended Complaint.

156.     Omnia Medical denies the allegations of Paragraph 156 of the Second Amended Complaint.

157.     Omnia Medical denies the allegations of the Prayers for Relief stated in the unnumbered paragraphs following Paragraphs 131, 138, 145, and 156 of the Second Amended Complaint.

158.     Omnia Medical denies each and every allegation, paragraph, subparagraph, or Count of the Second Amended Complaint not expressly admitted herein to be true, and further denies that PainTEQ is entitled to any of the relief requested in the Second Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

1.     The Second Amended Complaint fails to state a claim, in whole or in part, upon which relief can be granted against Omnia Medical.

2.     PainTEQ is not entitled to any of the relief that it seeks from Omnia Medical.

20

3.      PainTEQ cannot recover from Omnia Medical because Omnia Medical's actions with respect to PainTEQ's "business relationships with its customers and referral sources" were legal.

4.      PainTEQ cannot recover from Omnia Medical because Omnia Medical owes no duty to PainTEQ. In the absence of such a duty, Omnia Medical is entitled to conduct its business in the manner it determines to be in its own best interests.

5.      PainTEQ cannot recover from Omnia Medical because PainTEQ's contracts with its "customers and referral sources," to the extent any exist, are terminable at will. Omnia Medical has a privilege of interference to acquire the business for itself to benefit its legitimate economic interests.

6.      PainTEQ cannot recover from Omnia Medical because Omnia Medical was at all times engaged in lawful competition.

7.      PainTEQ is precluded from recovery to the extent its own conduct, misdeeds, actions, inactions, omissions, or failure to act caused or contributed to any of the injuries or damages alleged in its Second Amended Complaint, and it is therefore barred and estopped from recovering any damages from Omnia Medical.

8.      PainTEQ cannot recover from Omnia Medical because no materials or information owned, developed, or maintained by PainTEQ that are the subject of its claim for misappropriation of trade secrets actually meet the definition of "trade secret."

9.      PainTEQ cannot recover from Omnia Medical because PainTEQ failed to take reasonable measures to protect the secrecy of the materials or information at issue in its claim for misappropriate of trade secrets.

{03575620 -7}

10.     PainTEQ cannot recover from Omnia Medical because the restrictive covenants contained in the agreements with PainTEQ's former employees (*see e.g.*, Paragraph 141) are unenforceable.

11.     Omnia Medical's liability to PainTEQ for damages, if any, is either extinguished or reduced because it is entitled to a setoff or recoupment as a result of the injuries that Omnia Medical suffered as a result of the wrongful conduct of PainTEQ as set forth in the Counterclaim below.

12.     PainTEQ cannot recover from Omnia Medical because all communications by Omnia Medical and/or its employees, agents, and/or representatives concerning or relating to PainTEQ were true and not substantially false.

13.     PainTEQ cannot recover from Omnia Medical because all communications by Omnia Medical and/or its employees, agents, and/or representatives concerning or relating to PainTEQ were made in good faith and without malice.

14.     PainTEQ cannot recover from Omnia Medical because all communications by Omnia Medical and/or its employees, agents, and/or representatives concerning or relating to PainTEQ constitute fair competition.

15.     PainTEQ cannot recover from Omnia Medical because all communications made by Omnia Medical and/or its employees, agent, and/or representatives concerning or relating to PainTEQ were made in good faith, with an interest to be upheld to another having a corresponding interest, the communications were limited in scope to the interest to be upheld, were made at a proper occasion and in a proper manner.

{03575620 -7}

16.     Omnia Medical gives notice that it intends to rely on other defenses and/or affirmative defenses as may become available or known during discovery in this case and hereby reserves the right to amend this Answer to assert those additional defenses.

## COUNTERCLAIM

AND NOW, for its Counterclaim against Counterdefendant PainTEQ, LLC ("PainTEQ"), Counterplaintiff Omnia Medical, LLC ("Omnia Medical"), pursuant to Rule 13 of the Federal Rules of Civil Procedure, states as follows:

### Introduction

1.     Omnia Medical brings this Counterclaim for violations of state and federal law, and for breach of contract, based on the deliberate misconduct of PainTEQ as described below. Among other things, Omnia Medical asserts claims for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin infringement and obtain damages resulting from PainTEQ's unauthorized and ongoing actions of selling and/or having sold products that infringe and/or induce the infringement of one or more claims of U.S. Patent No. 10,426,539 (the '539 Patent) and U.S. Design Patent No. D905,232 (the 'D232 Patent).

2.      Omnia Medical asserts claims for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a) to enjoin infringement and obtain damages resulting from PainTEQ's unauthorized use of Omnia Medical's rights in U.S. Registration Nos. 4,646,387 (the '387 Registration) and 4,646,388 (the '388 Registration).

3.     Omnia Medical asserts claims for copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, and seeks to enjoin infringement and obtain damages resulting from PainTEQ's unauthorized and ongoing infringement of Omnia Medical's

{03575620 -7}

rights in Copyright Registration Number VA 2-209-321 (the '321 Registration) and VA 2-212-904 (the '904 Registration).

## Parties, Jurisdiction, and Venue

4.      Omnia Medical is an Ohio limited liability company with its principal place of business in Morgantown, West Virginia, and other corporate offices located in Powell, Ohio.

5.      PainTEQ is a Florida limited liability company with its principal place of business in Tampa, Florida.

6.      Jurisdiction is proper in this Court. With respect to venue, Omnia Medical states this case was properly removed to this Court pursuant to 28 U.S.C. § 1441(a), which fixes venue in this district and division. *See, e.g.*, *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953); *Hollis v. Florida State Univ.*, 259 F.3d 1295, 1299 (11th Cir. 2001). However, based on a valid forum selection clause in a written agreement between PainTEQ and Omnia Medical, Omnia Medical is contemporaneously filing a Motion to Transfer Venue to the Southern District of Ohio pursuant to 28 U.S.C. § 1404 for the convenience of the parties and witnesses, and in the interest of justice. A request to transfer venue under § 1404 is not waived by a defendant first filing a responsive pleading. *See, e.g.*, *Intrepid Potash-New Mexico, L.L.C. v. U.S. Dep't of Interior*, 669 F.Supp.2d 88, 92 (D.D.C. 2009).

## Background Facts

7.      Omnia Medical develops novel products that reduce operative time through safe and reproducible instrumentation, while achieving superior surgical outcomes. It produces, sells, and distributes the PsiF™ System for use in surgical procedures for sacroiliac ("SI") joint repair. The PsiF™ System includes components designed to practice the method of at least one claim of the '539 Patent. Omnia Medical distributes its PsiF™ Surgical Technique Guide to its customers

24

to provide instructions for using its PsiF™ System. A copy of the PsiF™ Surgical Technique Guide is attached as **Exhibit 1**.

8.     Omnia Medical is the exclusive licensee of intellectual property owned by Orthocision, including the '539 Patent, the 'D232 Patent, the '387 Registration, the '388 Registration, the '321 Registration and the '904 Registration. As the exclusive licensee, Omnia Medical has the right to, *inter alia*, use the licensed intellectual property and to enforce, litigate, initiate court proceedings, and/or settle all past, present, and future claims arising from or related to the licensed intellectual property.

9.     PainTEQ manufactures, sells, and offers to sell products for use in surgical procedures for SI joint repair and joint fusion, including the LinQ™ SI Joint Stabilization System (the LinQ™ Products). The LinQ™ Products are unlicensed and unauthorized copies or near copies of Omnia Medical's PsiF™ System tools.

10.     According to its website, PainTEQ provides "bioskills training and certification for our procedures." **Exhibit 2**, page from painteq.com retrieved on 11/25/2020. A surgical cannula is among the products included in the LinQ™ SI Joint Stabilization System. PainTEQ distributes a Surgical Technique Guide to its customers and/or potential customers to provide instructions for using its LinQ™ Products.

11.     Beginning in or about December 2016, and before PainTEQ began offering the LinQ™ products, Omnia Medical and PainTEQ entered into discussions about forming a working relationship.

12.     Effective April 1, 2017, Omnia Medical and PainTEQ entered into an Independent Stocking Agreement ("Stocking Agreement"), a copy of which is attached as **Exhibit 3**. Under the Stocking Agreement, Omnia Medical was to "develop and provide

products compliant with applicable FDA Quality System Requirements," and PainTEQ was to

"continuously and actively pursue the marketing of provided product(s) in the respective territory

for the purpose of market penetration and satisfaction of the general agreement between OMNIA

and PAINTEQ." **Exhibit 3**, §§ 2 and 3.

13.     Section 3 of the Stocking Agreement further provided that "All literature and

marketing information supporting said product is property of OMNIA and must be returned to

OMNIA upon OMNIA's request." **Exhibit 3**, § 3.

14.     Section 10 of the Stocking Agreement further imposed various obligations of

confidentiality between Omnia Medical and PainTEQ, and non-use of Confidential Information

by PainTEQ, including as follows:

> All confidential or proprietary information furnished . . . by OMNIA to PAINTEQ or any of its affiliates, during the term of this Agreement, ("Confidential Information") including, without limitation, any specification, design information, Product information, quality assurance plans, marketing strategies, business plans and strategies, Inventions (whether or not the subject of Patents), trade secrets, know-how, cost and profit data, distribution and marketing plans, and business and financial information, shall be kept confidential by the party receiving it. The party receiving Confidential Information shall not disclose it or make use of it, except for purposes authorized by this Agreement, nor disclose any Confidential Information to any person or firm unless previously authorized in writing to do so; provided, however, that the receiving party may disclose it as necessary to responsible officers, employees and agents for the purposes of performing its obligations under this Agreement, provided that such employees, officers and agents shall have assumed like obligations of confidentiality in writing. . . .
>
> Except as required by law, PAINTEQ and OMNIA shall keep the existence and terms of this Agreement, as well as any discussions and/or materials provided in connection herewith, strictly confidential, and shall each make all reasonable efforts to maintain such confidentiality, including restricting PAINTEQ's officers, employees and representatives access to the terms of this Agreement on a "need to know" basis, limiting copies and

{03575620 -7}

ensuring that all parties agree to the confidential nature of this Agreement.

**Exhibit 3**, § 10.

15.     Section 15(D) of the Stocking Agreement provided that it "shall be construed and interpreted in accordance with the laws of the state of Ohio. All disputes under this Agreement will be resolved in the state or federal courts in Ohio." **Exhibit 3**, § 15(D).

16.     Solely because it entered into the Stocking Agreement with Omnia Medical, PainTEQ had access to and knowledge of the PsiF$^{TM}$ Surgical Technique Guide, the PsiF$^{TM}$ System, and other intellectual property owned or licensed by Omnia Medical. As part of the process of negotiating the Stocking Agreement with PainTEQ, Omnia Medical disclosed its intellectual property holdings, including the application that matured into the '539 Patent.

17.     On or about February 19, 2019, PainTEQ terminated the Stocking Agreement.

18.     In September 2019, Omnia Medical learned for the first time that PainTEQ was selling equipment substantially similar to Omnia Medical's. In addition, PainTEQ was distributing a Surgical Technique Guide that uses images of equipment identical to Omnia Medical's.

**FIRST CAUSE OF ACTION**
**(Infringement of the '539 Patent)**

19.     Omnia Medical incorporates and realleges paragraphs 1 through 18 of this Counterclaim as if fully rewritten here.

20.     Despite termination of the Stocking Agreement between PainTEQ and Omnia Medical on or about February 19, 2019, PainTEQ continues to make, use, sell, and offer to use confidential information and sell products and marketing materials developed by Omnia Medical without Omnia Medical's authorization or consent.

21.     U.S. Patent No. 10,426,539 (the '539 Patent) entitled "Method and Implant System for Sacroiliac Joint Fixation and Fusion" was duly and legally issued on October 1, 2019 and is owned by Orthocision Inc. A true and correct copy of the '539 Patent is attached as **Exhibit 4**.

22.     As the exclusive licensee, Omnia Medical has the right to, *inter alia*, use, manufacture, and sell products covered by the claims of the '539 Patent and to enforce, litigate, initiate court proceedings, and/or settle all past, present, and future claims arising from or related to the '539 Patent.

23.     The claims of the '539 Patent are directed to, *inter alia*, methods of repairing a SI joint of a patient. The method includes the insertion of a single fusion implant into a portion of the SI joint.

24.     PainTEQ has infringed and continues to infringe the '539 Patent directly and/or indirectly by making, using, selling, offering to sell, and marketing its LinQ™ Products.

25.     PainTEQ indirectly infringes the '539 Patent by selling, offering to sell, and marketing its LinQ™ Products to its customers with instructions for using the products, knowing that following the instructions would infringe at least one claim of the '539 Patent.

26.     PainTEQ's Surgical Technique Guide, as copy of which is attached as **Exhibit 5**, provides step-by-step instructions for repairing a SI joint of a patient that, when followed by one of PainTEQ's customers, directly infringes at least one claim of the '539 Patent.

27.     PainTEQ knows that the method described in PainTEQ's Surgical Technique Guide infringes Omnia Medical's intellectual property rights, including Omnia Medical's rights in the '539 Patent.

28.     PainTEQ's actions thus actively induce the infringement of the '539 Patent.

{03575620 -7}

29.     PainTEQ has been and continues to directly infringe at least one claim of the '539 Patent by making, using, selling, and/or offering to sell its LinQ™ Products along with its accompanying instructions and services.

30.     PainTEQ has been and continues to induce infringement of at least one claim of the '539 Patent by actively and knowingly inducing others to make, use, sell, or offer for sale its LinQ™ Products with the knowledge that such making, using, selling, or offering to sell its LinQ™ Products infringes the '539 Patent.

31.     PainTEQ's infringement of the '539 Patent has been willful and in disregard for the '539 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

32.     PainTEQ has gained profits by virtue of its infringement of the '539 Patent, and Omnia Medical has sustained damages as a direct and proximate result of PainTEQ's infringement of the '539 Patent.

33.     Omnia Medical will suffer and is suffering irreparable harm from PainTEQ's infringement of the '539 Patent. Omnia Medical has no adequate remedy at law and is entitled to an injunction against PainTEQ's continuing infringement of the '539 Patent.

34.     Unless enjoined, PainTEQ will continue to infringe the '539 Patent.

**WHEREFORE**, Omnia Medical requests:

A.     That the Court enjoin PainTEQ from infringing the '539 Patent;

B.     Enter judgment in favor of Omnia Medical, finding that PainTEQ has infringed or actively induced infringement of the '539 Patent, in violation of 35 U.S.C. §§ 271(a) and (b);

C.     Award Omnia Medical damages flowing from PainTEQ's infringement of the '539 Patent, which includes:

{03575620 -7}

1.      The actual loss caused by the infringement, including lost profits;

2.      The unjust enrichment caused by the infringement that is not taken into account in computing the actual loss; and

3.      A reasonably royalty;

D.      Award Omnia Medical its reasonable attorneys' fees and costs pursuant to the Stocking Agreement;

E.      Award Omnia Medical pre and post-judgment interest; and

F.      For such further relief as the Court deems just and proper.

### SECOND CAUSE OF ACTION
### (Infringement of the 'D232 Patent)

35.     Omnia Medical incorporates and realleges paragraphs 1 through 34 of this Counterclaim as if fully rewritten here.

36.     U.S. Design Patent No. D905,232 (the 'D232 Patent) entitled "Surgical Cannula" was duly and legally issued on December 15, 2020 and is owned by Orthocision Inc. A true and correct copy of the 'D232 Patent is attached as **Exhibit 6**.

37.     As the exclusive licensee of the 'D232 Patent, Omnia Medical has the right to, *inter alia*, use, manufacture, and sell products covered by the claims of the 'D232 Patent and to enforce, litigate, initiate court proceedings, and/or settle all past, present, and future claims arising from or related to the 'D232 Patent.

38.     The 'D232 Patent covers the ornamental appearance of a surgical cannula and includes unique design features. FIG. 1 of the 'D232 Patent depicts a perspective view of the claimed ornamental design.

{03575620 -7}



39.     PainTEQ's LinQ<sup>TM</sup> Products include a surgical cannula that embodies the design claimed in the 'D232 Patent. A photograph of the infringing surgical cannula is included below. A side by side comparison of the 'D232 claimed design and PainTEQ's surgical cannula reveals that the PainTEQ surgical cannula is substantially similar to the claimed design of the 'D232 Patent.

{03575620 -7}

| '**D232 Patent** | **PainTEQ Surgical Cannula** |
|---|---|
|  | |

40.     PainTEQ has been and continues to directly infringe the claim of the 'D232 Patent by making, using, selling, and/or offering to sell its LinQ™ surgical cannula.

41.     PainTEQ has gained profits by virtue of its infringement of the 'D232 Patent, and Omnia Medical has sustained damages as a direct and proximate result of PainTEQ's infringement of the 'D232 Patent.

42.     Omnia Medical will suffer and is suffering irreparable harm from PainTEQ's infringement of the 'D232 Patent. Omnia Medical has no adequate remedy at law and is entitled to an injunction against PainTEQ's continuing infringement of the 'D232 Patent.

43.     Unless enjoined, PainTEQ will continue to infringe the 'D232 Patent.

**WHEREFORE**, Omnia Medical requests:

{03575620 -7}

A.      That the Court enjoin PainTEQ from infringing the 'D232 Patent;

B.      Enter judgment in favor of Omnia Medical, finding that PainTEQ has infringed the 'D232 Patent, in violation of 35 U.S.C. §§ 271(a) and (b);

C.      Award Omnia Medical damages flowing from PainTEQ's infringement of the 'D232 Patent, which includes:

       1.      The actual loss caused by the infringement, including lost profits;

       2.      The unjust enrichment caused by the infringement that is not taken into account in computing the actual loss; and

       3.      A reasonably royalty;

D.      Award Omnia Medical its reasonable attorneys' fees and costs pursuant to the Stocking Agreement;

E.      Award Omnia Medical pre and post-judgment interest; and

F.      For such further relief as the Court deems just and proper.

## THIRD CAUSE OF ACTION
### (Copyright Infringement of the '321 Registration)

44.     Omnia Medical incorporates and realleges paragraphs 1 through 43 of this Counterclaim as if fully rewritten here.

45.     In conjunction with its development of the PsiF™ System, Omnia Medical developed a technique guide at least as early as 2013 to provide customers or other end-users with clearly written instructions for using the tools provided with the PsiF™ System.

46.     Copyright Registration Number VA 2-209-321 (the '321 Registration) entitled *PSIF Surgical Technique Guide* registered on July 3, 2020 and is owned by Orthocision. A true and accurate copy of the Registration and the submission filed with the Registration are attached

33

as **Exhibits 7** and **8**, respectively. The submission filed with the Registration is herein referred to as the "Surgical Technique Guide."

47.     The Surgical Technique Guide was developed in 2013 and first published on January 6, 2014. The Surgical Technique Guide includes creative choices in describing the use of the PsiF™ System and includes original drawings of the tools of the PsiF™ System.

48.     During the term of the Stocking Agreement, PainTEQ had only restricted access and use limitations related to the Surgical Technique Guide, which rights were terminated on February 19, 2019.

49.     After the termination of the Stocking Agreement with Omnia Medical, PainTEQ began using a LinQ™ Surgical Technique Guide that included text and images copied from Omnia Medical's Surgical Technique Guide, including copied images of five of six drawings of tools from Omnia Medical's PsiF™ System and the copying of Omnia Medical's trademarked name for one of those products.

50.     Omnia Medical is the exclusive licensee of intellectual property owned by Orthocision, including the copyright to the *PSIF Surgical Technique Guide*. Thus, Omnia Medical is the exclusive licensee of the copyright and has exclusive rights to copy the original work, to prepare derivative works based on the original, and to distribute copies of the work. Omnia Medical has the right to enforce, litigate, initiate court proceedings, and/or settle all past, present, and future claims arising from or related to the copyright to the *PSIF Surgical Technique Guide*.

51.     PainTEQ has actually used Omnia Medical's material to create PainTEQ's surgical technique guide, a copy of which is attached as **Exhibit 5**.

{03575620 -7}

52.     As shown below, PainTEQ's surgical technique guide include duplicates of five of six drawings of tools, along with identical or near-identical descriptors for four of five of the tools. In fact, PainTEQ copied a name for one of the tools that is a registered trademark – namely the PsiF allograft bone implant.

| Omnia Medical Images and Descriptor | PainTEQ Images and Descriptor |
|---|---|
| Dilator<br> | First Dilator<br> |
| Retractor Port<br> | Final Dilator<br> |
| Broach<br> | Broach<br> |
| Rasp<br> | Rasp<br> |
| Inserter to insert PsiF allograft bone implant<br> | Final Dilator to insert PsiF allograft bone<br> |

53.     PainTEQ's infringement of Omnia Medical's copyrighted work has been willful, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

54.     PainTEQ has gained profits by virtue of its infringement of Omnia Medical's copyrighted work.

35

55.     Omnia Medical has sustained damages as a direct and proximate result of PainTEQ's infringement of Omnia Medical's copyrighted work.

56.     Omnia Medical will suffer and is suffering irreparable harm from PainTEQ's infringement of Omnia Medical's copyrighted work. Omnia Medical has no adequate remedy at law and is entitled to an injunction against PainTEQ's continuing infringement of Omnia Medical's copyrighted work. Unless enjoined, PainTEQ will continue to infringe Omnia Medical's copyrighted work.

**WHEREFORE**, Omnia Medical requests:

A.      That the Court enjoin PainTEQ from infringing the '321 Registration;

B.      Enter judgment in favor of Omnia Medical, finding that PainTEQ has infringed the '321 Registration, in violation of 17 U.S.C. §§ 101, *et seq*;

C.      Award Omnia Medical damages flowing from PainTEQ's infringement of the '321 Registration, which includes:

1.      The actual loss caused by the infringement, including lost profits; and

2.      The unjust enrichment caused by the infringement that is not taken into account in computing the actual loss;

D.      Award Omnia Medical its reasonable attorneys' fees and costs pursuant to the Stocking Agreement;

E.      Award Omnia Medical pre and post-judgment interest; and

F.      For such further relief as the Court deems just and proper.

**FOURTH CAUSE OF ACTION**
**(Copyright Infringement of the '904 Registration)**

57.     Omnia Medical incorporates and realleges paragraphs 1 through 56 of this Counterclaim as if fully rewritten here.

{03575620 -7}

58.     This cause of action is for copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq*., and seeks to enjoin infringement and obtain damages resulting from PainTEQ's unauthorized and ongoing infringement of Omnia Medical's rights in its registered copyright.

59.     In conjunction with its development of the PsiF™ System, Omnia Medical prepared marketing and information brochures to advertise and provide instructions to its customers. As part of the preparation, images of tools were created, including an image of an allograft bone implant.

60.     Copyright Registration Number VA 2-212-904 (the '904 Registration) entitled *Implant* registered on July 11, 2020 and is owned by Orthocision. A true and accurate copy of the Registration and the submission filed with the Registration are attached as **Exhibits 9** and **10**, respectively.

61.     Omnia Medical is the exclusive licensee of intellectual property owned by Orthocision, including the copyright to the Implant image. Thus, Omnia Medical is the exclusive licensee of the copyright and has exclusive rights to copy the original work, to prepare derivative works based on the original, and to distribute copies of the work. Omnia Medical has the right enforce, litigate, initiate court proceedings, and/or settle all past, present, and future claims arising from or related to the copyright to the Implant image.

62.     During the term of the Stocking Agreement, PainTEQ had only restricted access and use limitations related to the Implant, which rights were terminated on February 19, 2019.

63.     After the termination of the Stocking Agreement with Omnia Medical, PainTEQ began using and distributing a LinQ™ Product Poster that includes Omnia Medical's Implant image.

{03575620 -7}

64.     PainTEQ has actually used Omnia Medical's material to create PainTEQ's LinQ™ Product Poster, a copy of which is attached as **Exhibit 11**.

65.     PainTEQ's infringement of Omnia Medical's copyrighted work has been willful, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

66.     PainTEQ has gained profits by virtue of its infringement of Omnia Medical's copyrighted work.

67.     Omnia Medical has sustained damages as a direct and proximate result of PainTEQ's infringement of Omnia Medical's copyrighted work.

68.     Omnia Medical will suffer and is suffering irreparable harm from PainTEQ's infringement of Omnia Medical's copyrighted work. Omnia Medical has no adequate remedy at law and is entitled to an injunction against PainTEQ's continuing infringement of Omnia Medical's copyrighted work.

69.     Unless enjoined, PainTEQ will continue to infringe Omnia Medical's copyrighted work.

**WHEREFORE**, Omnia Medical requests:

A.      That the Court enjoin PainTEQ from infringing the '904 Registration;

B.      Enter judgment in favor of Omnia Medical, finding that PainTEQ has infringed the '904 Registration, in violation of 17 U.S.C. §§ 101, *et seq*;

C.      Award Omnia Medical damages flowing from PainTEQ's infringement of the '904 Registration, which includes:

1.      The actual loss caused by the infringement, including lost profits; and

2.      The unjust enrichment caused by the infringement that is not taken into account in computing the actual loss;

D.      Award Omnia Medical its reasonable attorneys' fees and costs pursuant to the Stocking Agreement;

E.      Award Omnia Medical pre and post-judgment interest; and

F.      For such further relief as the Court deems just and proper.

## FIFTH CAUSE OF ACTION
### (Trademark Infringement of the '387 Registration)

70.     Omnia Medical incorporates and realleges paragraphs 1 through 69 of this Counterclaim as if fully rewritten here.

71.     U.S. Trademark Registration No. 4,646,387 (the '387 Registration) for the word mark PSIF was registered by the U.S. Patent and Trademark Office on November 25, 2014 and is owned by Orthocision, Inc. A true and correct copy of this U.S. trademark registration is attached as **Exhibit 12**.

72.     As the exclusive licensee, Omnia Medical has the right to, *inter alia*, use, the '387 Registration and to enforce, litigate, initiate court proceedings, and/or settle all past, present, and future claims arising from or related to the '387 Registration.

73.     The '387 Registration is registered in Class 10 in connection with "medical apparatus and instruments for use in orthopedic surgery."

74.     A Combined Declaration of Use and Incontestability under Sections 8 & 15 was filed for the '387 Registration on November 13, 2020.

75.     Omnia Medical has prior rights to the PSIF mark embodied in the '387 Registration.

76.     Omnia Medical is the exclusive licensee of intellectual property owned by Orthocision, Inc., including the '387 Registration. Omnia Medical is the exclusive licensee of the

'387 Registration and has the right to, *inter alia*, enforce, litigate, initiate court proceedings, and/or settle all past, present, and future claims arising from or related to the '387 Registration.

77.     PainTEQ has adopted the PsiF mark, which is the same as the '387 Registration.

78.     The '387 Registration is a strong mark and is distinctive in the relevant market.

79.     The '387 Registration (the infringed mark) and the PainTEQ PSIF mark (the infringing mark) are the exact same. For example, PainTEQ uses or has used the term "PsiF" in its Surgical Technique Guide (**Exhibit 5**) to identify its own surgical product, which is not an Omnia Medical product.

80.     The goods offered under the '387 Registration (the infringed mark) and the PainTEQ PSIF mark (the infringing mark) travel in the same trade channels.

81.     The similarity of the actual sales methods used by the holders of the marks, such as their consumer base, are the same. For instance, the goods by each party are sold directly to medical surgical professionals and hospitals.

82.     The similarity of advertising methods are the same. For instance, the goods by each party are advertised directly to medical surgical professionals and hospitals.

83.     The intent of PainTEQ's infringement is to misappropriate the goodwill of the '387 Registration.

84.     There exists actual confusion in the relevant market between actual and potential consumers.

85.     As a result, consumers are likely to confuse the '387 Registration with the PSIF mark as illicitly used by PainTEQ.

40

86.     PainTEQ has gained profits by virtue of its infringement of the '387 Registration, and Omnia Medical has sustained damages as a direct and proximate result of PainTEQ's infringement of the '387 Registration.

87.     Omnia Medical has suffered, will suffer, and is suffering irreparable harm from PainTEQ's infringement of the '387 Registration.

**WHEREFORE**, Omnia Medical requests:

A.      That the Court enjoin PainTEQ from infringing the '387 Registration;

B.      Enter judgment in favor of Omnia Medical, finding that PainTEQ has infringed the '387 Registration;

C.      Award Omnia Medical damages flowing from PainTEQ's infringement of the '387 Registration, which includes:

1.      The actual loss caused by the infringement, including lost profits; and

2.      The unjust enrichment caused by the infringement that is not taken into account in computing the actual loss;

D.      Award Omnia Medical its reasonable attorneys' fees and costs pursuant to the Stocking Agreement;

E.      Award Omnia Medical pre and post-judgment interest; and

F.      For such further relief as the Court deems just and proper.

**SIXTH CAUSE OF ACTION**
**(Trademark Infringement of the '388 Registration)**

88.     Omnia Medical incorporates and realleges paragraphs 1 through 87 of this Counterclaim as if fully rewritten here.

41

PsiF

89.     U.S. Trademark Registration No. 4,646,388 (the '388 Registration) for

was registered by the U.S. Patent and Trademark Office on November 25, 2014 and is owned by

Orthocision, Inc. A true and correct copy of this U.S. trademark registration is attached as

**Exhibit 13**.

90.     As the exclusive licensee, Omnia Medical has the right to, *inter alia*, use, the '321

Registration and to enforce, litigate, initiate court proceedings, and/or settle all past, present, and

future claims arising from or related to the '321 Registration.

91.     The '388 Registration is registered in Class 10 in connection with "medical

apparatus and instruments for use in orthopedic surgery."

92.     A Combined Declaration of Use and Incontestability under Sections 8 & 15 was

filed for the '388 Registration on November 13, 2020.

93.     Omnia Medical has prior rights to this PSIF mark embodied in the '388

Registration.

94.     Omnia Medical is the exclusive licensee of the '388 Registration and has the right

to, *inter alia*, enforce, litigate, initiate court proceedings, and/or settle all past, present, and future

claims arising from or related to the '388 Registration.

95.     PainTEQ has adopted the PsiF mark, which is the same as in the '388

Registration.

96.     The '388 Registration is a strong mark and is distinctive in the relevant market.

97.     The '388 Registration (the infringed mark) and the PainTEQ PSIF mark (the

infringing mark) are the same. For example, PainTEQ uses or has used the term "PsiF" in its

Surgical Technique Guide (**Exhibit 5**) to identify its own surgical product, which is not an

Omnia Medical product.

42

98.     The goods offered under the '388 Registration (the infringed mark) and the PainTEQ PSIF mark (the infringing mark) travel in the same trade channels.

99.     The similarity of the actual sales methods used by the holders of the marks, such as their consumer base, are the same. For instance, the goods by each party are sold directly to medical surgical professionals and hospitals.

100.    The similarity of advertising methods are the same. For instance, the goods by each party are advertised directly to medical surgical professionals and hospitals.

101.    The intent of PainTEQ's infringement is to misappropriate the goodwill of the '388 Registration.

102.    There exists actual confusion in the relevant market between actual and potential consumers.

103.    As a result, consumers are likely to confuse the '388 Registration with the PSIF mark as illicitly used by PainTEQ.

104.    PainTEQ has gained profits by virtue of its infringement of the '388 Registration, and Omnia Medical has sustained damages as a direct and proximate result of PainTEQ's infringement of the '388 Registration.

105.    Omnia Medical has suffered, will suffer, and is suffering irreparable harm from PainTEQ's infringement of the '388 Registration.

**WHEREFORE**, Omnia Medical requests:

A.      That the Court enjoin PainTEQ from infringing the '388 Registration;

B.      Enter judgment in favor of Omnia Medical, finding that PainTEQ has infringed the '388 Registration;

{03575620 -7}

C.     Award Omnia Medical damages flowing from PainTEQ's infringement of the '388 Registration, which includes:

1.     The actual loss caused by the infringement, including lost profits; and

2.     The unjust enrichment caused by the infringement that is not taken into account in computing the actual loss;

D.     Award Omnia Medical its reasonable attorneys' fees and costs pursuant to the Stocking Agreement;

E.     Award Omnia Medical pre and post-judgment interest; and

F.     For such further relief as the Court deems just and proper.

**SEVENTH CAUSE OF ACTION**
**(Breach of Contract – Stocking Agreement)**

106.   Omnia Medical incorporates and realleges paragraphs 1 through 105 of this Counterclaim as if fully rewritten here.

107.   Omnia Medical and PainTEQ were parties to the Stocking Agreement, which includes at **Exhibit A**, a schedule of commissions that could be earned by PainTEQ based on the price it charged customers for PsiF products. *See* **Exhibit 3 at Exhibit "A."**

108.   The Stocking Agreement provided PainTEQ only with limited rights to use literature and marketing information during the term that the Stocking Agreement was in effect. The Stocking Agreement further provided that PainTEQ had to return all such material to Omnia Medical.

109.   Nothing in the Stocking Agreement granted PainTEQ an express or implied right to continue using Omnia Medical's literature and marketing information for PainTEQ's own purposes following termination of the Stocking Agreement.

{03575620 -7}

110.    The Stocking Agreement further provided that PainTEQ would maintain the confidentiality of any confidential or proprietary information that Omnia Medical shared with PainTEQ.

111.    PainTEQ breached the terms of the Stocking Agreement by misrepresenting to Omnia the sales price actually charged its customers for PsiF products, and continuing to use literature, marketing information, and other confidential or proprietary information in a manner inconsistent with the terms of the Stocking Agreement, including through the wrongful conduct described in this Counterclaim.

112.    As a direct and proximate result of PainTEQ's breaches, Omnia Medical has suffered damages and will continue to suffer damages in an amount to be proven at trial.

**WHEREFORE**, Omnia Medical requests:

A.      Enter judgment in favor of Omnia Medical, finding that PainTEQ has breached the Stocking Agreement;

B.      Award Omnia Medical damages flowing from PainTEQ's breach of the Stocking Agreement;

C.      Award Omnia Medical its reasonable attorneys' fees and costs pursuant to the Stocking Agreement;

D.      Award Omnia Medical pre and post-judgment interest; and

E.      For such further relief as the Court deems just and proper.

**EIGHTH CAUSE OF ACTION**
**(Ohio Deceptive Trade Practices)**

113.    Omnia Medical incorporates and realleges paragraphs 1 through 112 of this Counterclaim as if fully rewritten here.

{03575620 -7}

114.    Omnia Medical holds the exclusive rights to the intellectual property described above, including the '539 Patent, the 'D232 Patent, the '321 Registration, the '904 Registration, the '387 Registration, and the '388 Registration.

115.    PainTEQ's unauthorized use and/or infringements of the '539 Patent, the 'D232 Patent, the '321 Registration, the '904 Registration, the '387 Registration, and the '388 Registration has caused and is likely to continue to cause actual confusion as to the source of the parties' products, in violation of Ohio Rev. Code § 4165.02(A)(2).

116.    PainTEQ's unauthorized use and/or infringements of the '539 Patent, the 'D232 Patent, the '321 Registration, the '904 Registration, the '387 Registration, and the '388 Registration creates the misperception that the parties are affiliated, in violation of Ohio Rev. Code § 4165.02(A)(3).

117.    In addition, PainTEQ, through its officers, employees, representatives, and/or authorized agents, has willfully and knowingly published and disseminated false representations of fact that disparage the goods, services, and business of Omnia Medical.

118.    PainTEQ's false representations of fact include, but are not limited to, the following:

(a)    statements that PainTEQ is not infringing, and has not infringed, the intellectual property rights of Omnia Medical, when, in truth and in fact, PainTEQ has done exactly that; and

(b)    statements that Omnia Medical is infringing, and has infringed, the intellectual property rights of PainTEQ, when, in truth and in fact, Omnia Medical has done no such thing.

{03575620 -7}

119.    PainTEQ's false representations of fact that disparage the goods, services, and business of Omnia Medical are in violation of Ohio Revised Code § 4165.02(A)(10).

120.    As a direct and proximate result of PainTEQ's actions, Omnia Medical has suffered damages and will continue to suffer damages in an amount to be proven at trial.

121.    Additionally, by virtue of PainTEQ having willfully and knowingly engaged in deceptive trade practices in violation of Ohio Revised Code § 4165.02, Omnia Medical is entitled to an award of attorney fees pursuant to Ohio Revised Code § 4165.03.

**WHEREFORE**, Omnia Medical requests:

A.      That the Court enjoin PainTEQ from engaging in any deceptive trade practices relating to Omnia Medical;

B.      Enter judgment in favor of Omnia Medical, finding that PainTEQ has engaged in deceptive business practices relating to Omnia Medical, in violation of Ohio law;

C.      Award Omnia Medical damages flowing from PainTEQ's deceptive trade practices;

D.      Award Omnia Medical its reasonable attorneys' fees and costs pursuant to Ohio Revised Code § 4165.03;

E.      Award Omnia Medical pre and post-judgment interest; and

F.      For such further relief as the Court deems just and proper.

**NINTH CAUSE OF ACTION**
**(Florida Deceptive and Unfair Trade Practices)**

122.    Omnia Medical incorporates and realleges paragraphs 1 through 112 of this Counterclaim as if fully rewritten here.

47

123.     To the extent that Florida law also applies in this dispute (or Florida law applies in lieu of Ohio law), then Omnia Medical pleads this cause of action on an alternative basis pursuant to Fed. R. Civ. P. 8(d)(2).

124.     PainTEQ's conduct as described above constitutes unfair methods of competition, unconscionable acts or practices, and/or unfair or deceptive acts or practice in the conduct of trade or commerce, in violation of Florida Statute § 501.204(1).

125.     Under Florida law, "[a]n unfair practice is one that offends established public policy and on that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *PNR, Inc. v. Beacon Property Management, Inc.*, 842 So. 2d 773, 777 (Fla. 2003) (internal quotations omitted).

126.     Under Florida law, "deception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Id.*

127.     PainTEQ, by its (a) false representations and statements described above, (b) sales of products and other activities that infringe on the '539 Patent and the 'D232 Patent, and (c) its distribution of materials that improperly use the words and marks that are protected by the '321 Registration, the '904 Registration, the '387 Registration, and the '388 Registration, has caused harm to consumers and/or other actual and/or potential end-users of Omnia Medical's products by causing them to believe that they were using and/or purchasing a product manufactured and/or distributed by Omnia Medical when, in truth and in fact, they were not. Such conduct creates a likelihood of consumer injury or detriment.

128.     As a direct and proximate result of PainTEQ's actions, Omnia Medical has suffered damages and will continue to suffer damages in an amount to be proven at trial.

**WHEREFORE**, Omnia Medical requests:

A.      That the Court enjoin PainTEQ from engaging in any deceptive trade practices relating to Omnia Medical;

B.      Enter judgment in favor of Omnia Medical, finding that PainTEQ has engaged in deceptive and unfair trade practices relating to Omnia Medical, in violation of Florida law;

C.      Award Omnia Medical damages flowing from PainTEQ's deceptive trade practices;

D.      Award Omnia Medical its reasonable attorneys' fees and costs pursuant to Florida Statute § 501.2105;

E.      Award Omnia Medical pre and post-judgment interest; and

F.      For such further relief as the Court deems just and proper.

### TENTH CAUSE OF ACTION
### (Common Law Unfair Competition)

129.    Omnia Medical incorporates and realleges paragraphs 4 through 18, 107 through 111, 115 through 118, and 127 of this Counterclaim as if fully rewritten here.

130.    PainTEQ unfairly competes with Omnia Medical through its unauthorized use and/or infringements of the '539 Patent, the 'D232 Patent, the '321 Registration, the '904 Registration, the '387 Registration, and the '388 Registration.

131.    PainTEQ unfairly competes with Omnia Medical by circulating false rumors and/or publications of statements, all designed to harm Omnia Medical's business.

132.    PainTEQ's actions have damaged Omnia Medical in the form of, *inter alia*, lost sales, harm to reputation, and trademark/copyright infringement.

133.    As a direct and proximate result of PainTEQ's actions, Omnia Medical has suffered damages and will continue to suffer damages in an amount to be proven at trial.

{03575620 -7}

**WHEREFORE**, Omnia Medical requests:

A.     That the Court enjoin PainTEQ from engaging in any form of unfair competition relating to Omnia Medical;

B.     Enter judgment in favor of Omnia Medical, finding that PainTEQ has engaged in unfair competition relating to Omnia Medical;

C.     Award Omnia Medical damages flowing from PainTEQ's acts constituting unfair competition;

D.     Award Omnia Medical pre and post-judgment interest; and

E.     For such further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Omnia Medical, LLC demands a trial by jury of this action consisting of the maximum number of jurors permitted by law.

Dated: December 18, 2020.

Respectfully submitted,

/s/ *Matthew G. Davis*
E.A. "Seth" Mills, Jr.
　　Florida Bar No. 339652
　　*smills@mpdlegal.com*
Matthew G. Davis
　　Florida Bar No. 58464
　　*mdavis@mpdlegal.com*
MILLS PASKERT DIVERS
100 North Tampa Street, Suite 3700
Tampa, FL 33602
813.229.3500 (telephone)
813.229.3502 (facsimile)

{03575620 -7}

Ralph E. Cascarilla
     Florida Bar No. 315303 *
     *rcascarilla@walterhav.com*
WALTER | HAVERFIELD LLP
1301 E. Ninth Street, Suite 3500
Cleveland, OH 44114
216.928.2908 (direct dial)
216.916.2346 (direct facsimile)
*admitted in this case *pro hac vice*

*Counsel for Omnia Medical, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Court's CM/ECF system which will provide service via electronic mail to all registered participants listed on December 18, 2020.

/s/ *Matthew G. Davis*
Matthew G. Davis

51