## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

PAINTEQ, LLC,

      Plaintiff,

v.                                  Case No. 8:20-cv-02805-VMC-AAS

OMNIA MEDICAL, LLC,

      Defendant.

_____/

## PAINTEQ'S
## RESPONSE IN OPPOSITION TO OMNIA'S MOTION FOR EXTENSION OF CLAIM CONSTRUCTION CASE MANAGEMENT DEADLINES

Plaintiff/Counter-Defendant, PainTEQ, LLC, opposes Defendant/Counter-Plaintiff, Omnia Medical, LLC's Motion, for Extension of Claim Construction Case Management Deadlines (Doc. 50.). PainTEQ (begrudgingly) recognizes that Omnia's proposed amendment to add two new patents to this case should be allowed, but Omnia's proposed schedule is far too long and open-ended. PainTEQ therefore submits a shorter and more definite revised schedule for the Court's consideration.

## I.  Introduction

For nearly two years, Omnia has been defaming PainTEQ in the marketplace by accusing PainTEQ of infringing Omnia's intellectual property. When confronted by PainTEQ about these defamatory statements—and other misconduct—Omnia could not point to a single aspect of its intellectual property that PainTEQ was infringing. Omnia has refused to cease its defamatory conduct, thus forcing

PainTEQ to bring claims, including for defamation, in the Thirteenth Judicial Circuit Court for Hillsborough County, Florida. In a desperate attempt to concoct a truth defense, Omnia has filed a series of continuing patent applications, all of which have questionable validity and none of which are infringed by PainTEQ. Omnia has now indicated its intent to protract this litigation by adding claims for infringement of yet-to-be issued patents, thereby delaying resolution to PainTEQ's defamation claims and enabling Omnia to continue causing direct, unquantifiable, reputation-related harm to PainTEQ in the marketplace.

The following list of events helps clarify the current state of this case and provides context for Omnia's motion:

- December 23, 2020 - The Court issued its Patent Scheduling Order (Doc. 27) and informed the parties that "in order to keep cases moving on track … the Court will not substantially move the dispositive motions deadline or the trial date." (Doc. 28);

- January 29, 2021 - Omnia served its Disclosure of Asserted Claims and Preliminary Infringement Contentions and Accompanying Document Production;

- February 26, 2021 - the deadline to add parties or amend pleadings passed (Doc. 27), and PainTEQ served its Preliminary Invalidity Contentions and Accompanying Document Production;

- March 26, 2021 - PainTEQ and Omnia exchanged Proposed Terms and Claim Elements for construction;

- **<u>April 23, 2021</u> - Omnia received a Notice of Allowance for its D'568 Patent**.

- <u>April 30, 2021</u> - the parties exchanged Preliminary Claim Constructions and Extrinsic Evidence;

- **<u>May 20, 2021</u> - Omnia received its Notice of Allowance on the '511 Patent**;

- <u>May 21, 2021</u> - the parties begin conferring on their upcoming Joint Claim Construction and Prehearing Statement;

- <u>May 28, 2021</u> - the parties filed their Joint Claim Construction and Prehearing Statement;

- <u>June 14, 2021</u> - PainTEQ served its First Amended Invalidity Contentions;

- <u>June 24, 2021</u> - Omnia and PainTEQ held an unsuccessful mediation;

- <u>June 28, 2021</u> - Claim Construction Discovery closed;

- <u>July 22, 2021</u> - Omnia confer with PainTEQ about the '511 Patent;

- **<u>July 23, 2021</u> – Omnia files its Motion to Extend Case Management Deadlines**.

Omnia has known exactly what claims the D'568 Patent and '511 Patent will contain since the notices of allowance were issued months ago. Rather than seek an amendment of the scheduling order then or otherwise make its intention to amend known so the case could proceed efficiently, Omnia waited until after much of claim construction had concluded to raise the issue, and now asks to start the

process over. What's more, Omnia does not want to begin this do-over until September 30, 2021— over four months after the last notice of allowance issued.

## II.    It is within this Court's discretion to deny Omnia's Motion.

Federal Rule of Civil Procedure 16(b)(4) states "[a] schedule may be modified only for good cause and with the judge's consent." This "good cause" standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 *adv. comm. note*). The Court has broad discretion in deciding what constitutes "good cause." *See Lujan v. Nat'l Wildlife* Fed'n, 497 U.S. 871, 896 n.5 (1990).

It is not an abuse of discretion for a district court to deny motions to amend pleadings[1] when there is undue delay or undue prejudice. *Tech. Res. Servs., Inc.*, 134 F.3d at 1464 (affirming a district court's denial of a motion to amend pleadings to add claims based on an undue delay by a party who was on notice of the possibility of its claim for four months and failed to bring it); *see also Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1124 (Fed. Cir. 2004) (applying 11th Circuit law and affirming a district court's denial of a motion for leave to amend pleadings where deadlines had passed, including the deadline to amend, and discovery was closed); *Hinson v. Clinch Cty., Georgia Bd. of Educ.*,

---

[1] Though Omnia claims its Motion is not to amend its pleadings, Omnia dedicates the entire third section of the Motion to argue why this Court should "allow Omnia medical to amend its counterclaim to include causes of action for infringement of the 'D568 and '511 Patents." (Doc. 50, at 10–14).

231 F.3d 821, 826 (11th Cir. 2000) (affirming a district court's denial of a motion to amend pleadings based on undue delay where the party seeking leave to amend was waiting on a decision from an administrative body, discovery closed, and dispositive motions were filed before the party sought leave to amend).

That said, Omnia indicated during the meet and confer that if its Motion is denied, it will file a separate lawsuit asserting the same claims for patent infringement that it wants to inject into this case (which case will be related to this one and therefore assigned to this Court). That separate lawsuit would likely be consolidated with this case for at least some purposes to avoid duplication of effort and inconsistent results. Thus, while Omnia's proposed amendment will frustrate the current schedule, denying the Motion outright would likely frustrate the ultimate goal of the schedule—getting this case to trial.

## III.   Omnia's proposed deadlines are unnecessarily long.

Some delay is inevitable if Omnia is allowed to amend. But Omnia's proposed schedule compounds that delay in several key ways: (i) it builds in far too much time before restarting claim construction; (ii) it spaces events out even more than the current schedule (making the second iteration take longer than the first); and (iii) it does not address how the twelve non-patent claims are to proceed. This last point was of little consequence under the existing schedule, but PainTEQ is concerned that after *Markman*, Omnia will advocate for the non-patent portion of the case to proceed at an equally glacial pace.

Specifically, Omnia's proposed deadlines extend the patent claims by nine months and are in direct contradiction to this Court's Order on extending case management deadlines (Doc. 28). The Patent Scheduling Order (Doc. 27) requires claim construction briefing to conclude on August 26, 2021, and Omnia now suggests that the parties need an additional nine months—until May 25, 2022—to conclude claim construction briefing. That is far too much time to brief claims that are already known.

For example, Omnia suggests that it needs until September 30, 2021 to provide its preliminary infringement contentions, four months after Omnia received a Notice of Allowance on the '511 Patent and fifty-one days after it issues. PainTEQ's proposed revisions limit this unnecessary time frame to fourteen days after the '511 Patent issues (on August 10). Omnia has already determined that it believes PainTEQ infringes one or more claims of these new patents (hence its request to amend)—it does not need almost two months after the patent issues to produce a claim chart.

Finally, Omnia's proposed deadlines significantly expand the existing claim construction periods. For example, the Patent Scheduling Order provided Omnia ten days to respond to PainTEQ's claim construction brief, but Omnia's proposed deadlines now seek twenty days—twice as long as this Court previously approved. Importantly, Omnia has known about the '511 Patent since May 20, 2021, when the USPTO issued a Notice of Allowance. Omnia waited over two months before

conferring with PainTEQ and now indicating to this Court that the '511 Patent should be added to this litigation.

## IV.    PainTEQ's proposed schedule allows for a timely trial.

PainTEQ suggests limited revisions to the Court's Patent Scheduling Order (Doc. 27) to account for the delays caused by Omnia's amendment but to also bring this case to trial efficiently. This schedule is consistent with the Court's preferences for both patent and non-patent cases, applicable rules, and the existing claim construction periods.

| Deadline or Event | Existing | PainTEQ's Proposal |
|---|---|---|
| Mandatory Initial Disclosures (under Fed. R. Civ. P. 26(a)(1)) | January 22, 2021 | January 22, 2021 |
| Certificate of Interested Persons and Corporate Disclosure Statement | December 23, 2020 | December 23, 2020 |
| Motions to Add Parties or Amend Pleadings | February 26, 2021 | February 26, 2021 |
| Omnia shall serve Disclosure of Asserted Claims and Preliminary Infringement Contentions and accompanying document production | January 29, 2021 | August 24, 2021 |
| PainTEQ shall serve the Preliminary Invalidity Contentions and accompanying document production | February 26, 2021 | September 21, 2021 |
| Parties shall exchange Proposed Terms and Claim Elements for Construction | March 26, 2021 | October 19, 2021 |

| | | |
|---|---|---|
| Parties shall exchange Preliminary Claim Constructions and Extrinsic Evidence | April 30, 2021 | November 16, 2021 |
| Parties shall file Joint Claim Construction and Prehearing Statement | May 28, 2021 | December 14, 2021 |
| Claim Construction Discovery shall be completed | June 28, 2021 | January 11, 2022 |
| First Mediation Conference | July 6, 2021 | July 6, 2021 |
| Omnia shall file Opening Claim Construction Brief | July 28, 2021 | February 8, 2022 |
| PainTEQ shall file Claim Construction Opposition Brief | August 16, 2021 | February 25, 2022 |
| Omnia shall file Claim Construction Reply Brief | August 26, 2021 | March 7, 2022 |
| Claim Construction Hearing | TBD | [to be set after Claim Construction briefing] |
| Second Case Management Hearing | TBD | [to be set on same date as above - held immediately after Claim Construction Hearing] |
| Factual Discovery Closes | TBD | 60 days after Order on Claim Construction |
| Parties shall serve Opening Expert Reports | TBD | 14 days after Factual Discovery Closes |
| Parties shall serve Amended or Supplemental Expert Reports | TBD | 14 days after Parties serve Opening Expert Reports |
| Expert Discovery Closes | TBD | 30 days after Parties serve Amended or Supplemental Expert Reports |
| Second Mediation Conference | TBD | [Court recommends immediately after Expert Discovery closes and before summary judgment briefing] |

| | | |
|---|---|---|
| Last day to file summary judgment motions | TBD | 30 days after Expert Discovery Closes |
| Last day to file opposition to summary judgment motions | TBD | 21 days after Last Day to File Summary Judgement Motions |
| Last day to file replies to summary judgment motions | TBD | 14 days after Last Day to File Opposition to Summary Judgement Motions |
| Parties shall file motions in limine and Daubert motions | TBD | 21 days before pretrial conference |
| Parties shall file pretrial statement and single set of jointly proposed jury instructions and verdict form | TBD | 7 days before pretrial conference |
| The Court will hold the pretrial conference | TBD | TBD |
| Trial Term Begins [district judge trial terms begin on the first Monday of each month; trails before magistrate judges will be set on a date certain after consultation with the parties] | TBD | TBD |
| Estimated Length of Trial | 10 days | 10 days |
| Jury/Non-Jury | Jury | Jury |
| All Parties Consent to Proceed Before Assigned Magistrate Judge | No | No |

PainTEQ's proposed schedule cuts seventy-nine days off the schedule proposed by Omnia and it makes clear that the non-patent portions of the case should be proceeding expeditiously and in tandem with the patent claims. This latter point will avoid a situation where after *Markman* a party requests, say, twelve months to conclude fact discovery, which would put the trial in late 2023.

## V.    Conclusion

Although the Court likely has the discretion to deny Omnia's motion outright, and it is tempting to advocate for that given the substantial delay this amendment will cause, PainTEQ wants this case to be resolved as quickly as possible and denying the amendment would likely work counter to that goal. PainTEQ therefore asks that the Court adopt PainTEQ's proposed schedule (or something similar which the Court deems appropriate). PainTEQ would be happy to appear at a case management conference if that would assist the Court.

HILL, WARD & HENDERSON

*/s/ Dave Luikart*
Gregory P. Brown
Florida Bar No. 98760
Ryan J. Leuthauser
Florida Bar No. 99517
David L. Luikart III
Florida Bar No. 21079
Stephen E. Kelly
Florida Bar No. 29091
Thomas J. Banks
Florida Bar No. 1017731
Ryan M. Guerin
Florida Bar. No. 1011326
HILL WARD HENDERSON, P.A.
101 East Kennedy Boulevard
Suite 3700
Tampa, Florida 33602
Tel: (813) 221-3900; Fax: (813) 221-2900
Gregory.Brown@hwhlaw.com
Ann-Marie.Hallett@hwhlaw.com
Ryan.Leuthauser@hwhlaw.com
Debra.Whitworth@hwhlaw.com
Dave.Luikart@hwhlaw.com
Michelle.Armstrong@hwhlaw.com

Stephen.Kelly@hwhlaw.com
Julie.Mcdaniel@hwhlaw.com
Thomas.Banks@hwhlaw.com
Julie.Mcdaniel@hwhlaw.com
Ryan.Guerin@hwhlaw.com
Erika.Vap@hwhlaw.com
*Attorneys for PainTEQ, LLC*