UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PAINTEQ, LLC,**

    **Plaintiff,**

v.                                 **Case No.: 8:20-cv-2805-VMC-AAS**

**OMNIA MEDICAL, LLC,**

    **Defendant.**
_____/

## ORDER

PainTEQ, LLC (PainTEQ) requests an order compelling Omnia Medical, LLC (Omnia) to provide a complete answer to Interrogatory No. 19. (Doc. 119). Omnia opposes PainTEQ's motion. (Doc. 125).

## I.   BACKGROUND

Omnia and PainTEQ are former business partners, and current competitors, that manufacture and sell SI Joint (in the hip) surgical systems and implants. PainTEQ sued Omnia in Thirteenth Judicial Circuit, in and for Hillsborough County, and the case was removed to this court. (Docs. 1, 10). Omnia filed its counterclaim against PainTEQ alleging that "PainTEQ breached the terms of the Stocking Agreement by . . . continuing to use literature, marketing information, and other confidential or proprietary

1

information in a manner inconsistent with the terms of the Stocking Agreement, including through the wrongful conduct described in this Counterclaim." (Doc. 20, ¶ 111).

> PainTEQ's Interrogatory No. 19 requests that Omnia:
>
> Identify each item of "literature, marketing information, and other confidential or proprietary information" referenced in Paragraph 111 of the Counterclaim or otherwise included within Omnia's breach of contract claim and explain how PainTEQ allegedly used each item "in a manner inconsistent with the terms of the Stocking Agreement."

(Doc. 119-1, p. 3). Omnia objected to Interrogatory No. 19 as "overbroad and oppressive." (*Id.*). Along with its objection, Omnia answered Interrogatory No. 19 by stating it "incorporates its response to Interrogatory No[s]. 10, 11, 12, and 13 herein." (*Id.*). Omnia adds that its claim "refers to any confidential or proprietary information PainTEQ obtained from or through Omnia Medical during the term of the Stocking Agreement including, but not limited to, surgical technique guides, graphics, measurements, drawings, engineering information, intellectual property information, pricing information, customer information, sales information, hospital contact information, and any other information as defined in the Stocking Agreement." (*Id.*, p. 4).

PainTEQ now moves the court to compel Omnia to specifically identify each item of Confidential Information it claims PainTEQ misused, and how

that misuse occurred, in response to Interrogatory No. 19. (Doc. 119). Omnia opposes the motion and argues its objection and response to Interrogatory No. 9 is sufficient. (Doc. 125).

## II. ANALYSIS

A party may obtain discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Discovery helps parties ascertain facts that bear on issues. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted).

A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-CV-1185-Orl-22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). The responding party must then specifically show how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985).

When a party alleges claims for the theft or misuse of "confidential information," courts require the party to identify the confidential information

3

and how it was used in violation of a contract or nondisclosure agreement. *See Health Mgmt. Assocs., Inc. v. Salyer*, No. 14-14337-CIV, 2015 WL 13776250, at *3 (S.D. Fla. Aug. 19, 2015) ("Plaintiff shall identify all instances of confidential information that it believes the Defendant disclosed in violation of a non-disclosure agreement."). Omnia claims PainTEQ breached the Stocking Agreement by continuing to use confidential information in a manner inconsistent with the agreement. (Doc. 20, ¶ 111). Thus, PainTEQ is entitled to know he confidential information and misuse to which Omnia is referring.

Omnia indicates Interrogatory No. 19 is "overbroad and oppressive because it requires Omnia to identify 'each item' and requires an exhaustive or oppressive catalogue of PainTEQ's case." (Doc. 119-1, p. 3). Identifying what confidential information Omnia alleges PainTEQ misused is neither overbroad nor oppressive. Omnia also answered Interrogatory No. 19 by stating that it incorporates its response to Interrogatory Nos. 10, 11, 12, and 13. (*Id.*). However, none of Omnia's responses to the incorporated interrogatories identify confidential information. (*See* Doc. 119, pp. 7–8). Finally, Omnia repeats part of the Stocking Agreement's definition of things that could be considered confidential information, but not what specific confidential information is at issue here. *See Am. Registry, LLC v. Hanaw*, No. 2:13-cv-352-

4

FtM-29UAM, 2013 WL 6332971, at *4 (M.D. Fla. Dec. 5, 2013) ("broad and generic categories of information [] provide insufficient notice").

Throughout the discovery hearings in this action, Omnia articulated several things it considers to be confidential information under the Stocking Agreement. During the June 14, 3023 hearing Omnia referenced: its surgical technique guide (Doc. 118, p. 14:4–9); product and knowhow (*Id.*, p. 18:18–21); PainTEQ's patented LinQ procedure (*Id.*, p. 27:13–17); copyrights (*Id.*, p. 27:14–23); specifications, design information, product information, inventions, the method for performing the surgery, and "everything else that PainTEQ gained access to" (*Id.*, p. 39:12–21); and the tools, and the manner and sequence in which they are used under the surgical technique guide (*Id.*, p. 39:21–24). During the September 14, 2023 hearing, Omnia argued that confidential information includes: the specific tools, the marketing strategies, and the Surgical Technique Guide (*Id.*, p. 84:1–4); the dimensions and measurements of the tools and the way they work together (*Id.*, p. 94:19–22); the tools, the literature, the surgical guides, the trademarks, and the copyrights (*Id.*, p. 138:14–18); and the tools, their dimensions, and how they fit together. (*Id.*, pp. 143:22–144:1).

As it remains unclear what Omnia specifically considers is the

5

confidential information PainTEQ misused in violation of the Stocking Agreement, the motion to compel is due to be granted. *See Am. Registry, LLC*, WL 6332971, at *4 (M.D. Fla. Dec. 5, 2013) (dismissing a trade secret claim for lack of specificity and noting "Plaintiff need not disclose secret information in its pleadings but must identify it with enough specificity as to give defendants notice of what was misappropriated.").

### III. CONCLUSION

PainTEQ's motion for an order compelling Omnia to provide a complete response to Interrogatory No. 19 (Doc. 119) is **GRANTED**. Omnia must amend its response by **February 13, 2024**.

**ORDERED** in Tampa, Florida on January 30, 2024.

*[signature]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge