UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PAINTEQ, LLC,**

    **Plaintiff,**

v.                                           **Case No.: 8:20-cv-2805-VMC-AAS**

**OMNIA MEDICAL, LLC,**

    **Defendant.**

_____/

## ORDER

Omnia Medical, LLC (Omnia) moves for an order compelling Defendant PainTEQ, LLC's (PainTEQ) to produce adequate responses to Omnia's Third Set of Interrogatories and Third Request for Production. (Doc. 128). PainTEQ opposes Omnia's motion. (Doc. 134).

### I. BACKGROUND

Omnia and PainTEQ are former business partners, and current competitors, that manufacture and sell SI Joint surgical systems and implants. PainTEQ sued Omnia in Thirteenth Judicial Circuit, in and for Hillsborough County, and the case was removed to this court. (Docs. 1, 10). Omnia filed its counterclaim alleging PainTEQ breached the Stocking Agreement, among other claims. (Doc. 20).

1

Omnia now moves the court for an order overruling PainTEQ's objections to Omnia's Third Set of Interrogatories as untimely or alternatively inadequate if timely and compelling PainTEQ to provide documents responsive to Omnia's Third Request for Production. (Doc. 128). Omnia's motion also contains a catch all demand that requests an order compelling PainTEQ to produce "correspondence and documents regarding the copying, design, development, marketing, and manufacturing of all its cannulas, surgical instruments, and representations as to brand ownership." (*Id.* p. 12). PainTEQ responds in opposition to Omnia's motion arguing the issues raised therein were already decided at multiple discovery hearings (docs. 81, 118) and with a protective order (doc. 129). (Doc. 134).

## II.   ANALYSIS

### A.   Standard of Review

A party may obtain discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Discovery helps parties ascertain facts that bear on issues. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted).

A party may move for an order compelling discovery from the opposing

party. Fed. R. Civ. P. 37(a). The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-CV-1185-Orl-22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). The responding party must then specifically show how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985).

### B. Omnia's Third Set of Interrogatories

Omnia's Third Set of Interrogatories are numbered 1 through 4. (*See* Doc. 128-1). However, in sequence with Omnia's previous interrogatories, these are interrogatory nos. 26 through 29. Rule 33(a)(1) states: "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 33(a)(1). In addition, the court's Patent Order reinforces that "[a]bsent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts." (Doc. 105, p. 3). Omnia did not request leave to serve more the 25 interrogatories. Thus, Omnia's motion to compel PainTEQ to respond to its unauthorized Third

3

Set of Interrogatories is denied.

### C. Omnia's Third Request for Production[1]

On October 31, 2023, Omnia served its Third Request for Production on PainTEQ. (Doc. 128-3). On November 7, 2023, PainTEQ contacted Omnia about the scope of the discovery requests. Omnia responded that it would confer with its IP counsel and get back to PainTEQ. After no receiving response, PainTEQ again contacted Omnia on November 15, 2023. Omnia responded on November 17, 2023, stating it would not narrow the scope of its Third Request for Production. PainTEQ responded the same day and asked Omnia to reconsider because of the pending invalidation of the 511 Patent by the USPTO, which the Third Request for Production were largely directed to.

On December 1, 2023, the 511 Patent was invalidated. (*See* Doc. 133-2). PainTEQ again contacted Omnia about the scope of its discovery requests now that the USPTO invalidated the 511 Patent. Omnia responded on December 13, 2024 and agreed to limit the scope of some of the discovery requests to the D232 and D568 Patents, but not for other requests. Because Omnia refused to narrow the scope of its discovery requests despite the previous court orders on

---

[1] Omnia's Third Request for Production is numbered 1 through 24. (*See* Doc. 128-3). However, the court will refer to these requests as nos. 108 through 131, in sequence with Omnia's previous requests for production.

Omnia's first motion to compel (*See* Doc. 87; 113) and the invalidation of the 511 Patent, PainTEQ moved for protective order on December 20, 2024. (Doc. 115). The court granted PainTEQ's motion for protective order on January 30, 2024 (Doc. 129), and on February 5, 2024, PainTEQ served its Responses and Objections to Omnia's Third Requests for Production, considering the court's order.

As an initial matter, Omnia's Request for Production Nos. 108–120, 127, and 130–131 are subject to the court's protective order and will not be compelled. (*See* Doc. 129). Concerning Request for Production Nos. 121–26 and 128–29, PainTEQ served its objections and responses stating that if PainTEQ had any documents responsive to those specific requests, it had produced such relevant documents or it had none to produce. Omnia's motion to compel identifies no specific issue with PainTEQ's objections and responses. Based on PainTEQ's objections and responses, there is nothing to compel as to Omnia's Request for Production Nos. 121–26 and 128–29.

### D. Omnia's Catchall Demand

The last section of Omnia's motion requests that the court issue "an order compelling PainTEQ to produce documents regarding the design, development and manufacturing of all of [PainTEQ's] surgical instruments, and its

marketing, costs of goods sold, and comprehensive sales data for LinQ procedures using any cannula." (Doc. 128, p. 12). Although Omnia has served 131 requests for production and 29 interrogatories, Omnia does not specify which discovery request is the basis for this demand.

The court held two discovery hearings and addressed 56 requests for production in dispute in Omnia's first motion to compel. (*See* Doc. 81; Doc. 118, pp. 2, 72, 75, 106). If this catchall demand is related those to previous discovery requests, the court has already ruled. (*See* Doc. 87; Doc. 113). If this catch-all demand relates to any of Omnia's Third Set of Requests for Production or Interrogatories, Omnia's request is denied for the reasons stated above.

### III.   CONCLUSION

Accordingly, is it **ORDERED** that Omnia's motion to compel (Doc. 128) is **DENIED**.

**ENTERED** in Tampa, Florida on March 4, 2024.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge