UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| PAINTEQ, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>OMNIA MEDICAL, LLC,<br><br>    Defendant. | Case No. 8:20-cv-02805-VMC-AAS |

**PLAINTIFF'S MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff, PainTEQ, LLC, under Federal Rule of Civil Procedure 12(b)(1), moves to dismiss Count 1 of Defendant Omnia Medical, LLC's Counterclaim (Doc. 20) and Count 7 of its Complaint in case number 8:22-cv-00145 (which has since been consolidated with this case) for lack of subject matter jurisdiction. PainTEQ also moves under Rule 12(b)(6) to dismiss Counts 3, 4, 5, and 6 of Omnia's Counterclaim for lack of statutory standing.

**INTRODUCTION**

On December 18, 2020, Omnia filed its Counterclaim in this action, asserting against PainTEQ claims for, among other things, infringement of the '539 utility patent (Count 1), infringement of the '321 and '904 copyright registrations (Counts 3 and 4), and infringement of the '387 and '388 trademark registrations (Counts 5 and 6). Omnia also asserted in a second complaint a claim for infringement of the '511 utility patent. (Consolidated Case No. 8:22-cv-00145,

Doc. 1, Count 7).[1] The Court should dismiss each of these claims for the reasons explained below.

First, the Court lacks subject matter jurisdiction to adjudicate Omnia's utility patent infringement claims because the United States Patent and Trademark Office (USPTO) has cancelled all claims asserted in this litigation. (Doc. 133-1 (Exhibit A), Inter Partes Review Certificate dated Feb. 8, 2024; Doc. 133-2 (Exhibit B), Inter Partes Review Certificate dated Feb. 14, 2024). Therefore, because Omnia's asserted patent rights no longer exist, its claims premised on those rights must be dismissed.

Second, Omnia lacks statutory standing to pursue its claims for infringement of the '387 and '388 trademark registrations. As plainly shown on the trademark registrations attached to Omnia's Counterclaim, at the time Omnia filed its Counterclaim, the '387 and '388 trademark registrations were owned by a third party, Orthocision, Inc. (Doc. 20-12; Doc. 20-13). Although Orthocision did eventually assign the '387 and '388 trademarks to Omnia, the assignment did not occur until January 17, 2023 (over two years after Omnia filed its claims) (Exhibit C), and statutory standing for trademark infringement cannot be retroactively established. Omnia's assertion that it is an "exclusive licensee" pursuant to its "Intellectual Property License Agreement" dated October 2, 2020 (Exhibit D, hereinafter "IP License Agreement") with Orthocision does not salvage its lack of

---

[1] Case No. 8:22-cv-00145 was consolidated with this action on August 18, 2023. (Case No. 8:22-cv-00145, Doc. 102; Case No. 8:20-cv-2805, Doc. 101).

Page 2 of 13

standing. To the contrary, a review of the IP License Agreement conclusively demonstrates that the limited, revocable license conveyed to Omnia is insufficient to establish statutory standing under the Lanham Act.

Finally, Omnia lacks standing to sue for infringement of the '321 and '904 copyright registrations. At the time Omnia filed its Counterclaim, these copyright registrations were owned by Orthocision, and Omnia's purported rights thereto were derived solely from its IP License Agreement with Orthocision. Because all of the alleged infringing activity with respect to the '321 and '904 copyright registrations occurred prior to the effective date (October 2, 2020) of the IP Licensing Agreement, Omnia lacks statutory standing to pursue its copyright infringement claims. Additionally, Orthocision did not own the asserted copyrights until June 26, 2020, which is the date on which the original authors and co-owners of the copyrighted works—Troy Schifano, Steve Anderson, and Adam Young—assigned their ownership rights to Orthocision, but without conveying the right to sue for past infringement. (Composite Exhibit E). For this additional reason, Orthocision did not—and could not have—bestowed on Omnia statutory standing to sue for copyright infringement that occurred prior to June 26, 2020.

## ARGUMENT

### A.   Legal Standard

"Federal courts are courts of limited jurisdiction," and they "possess only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When a claim becomes moot, a district

court must dismiss that claim for lack of subject matter jurisdiction under Rule 12(b)(1). *Muhammad v. HSBC Bank USA, N.A.*, 399 F. App'x 460, 462 (11th Cir. 2010) (citing *Sheely v. MRI Radiology Network, P.A.,* 505 F.3d 1173, 1182–83 & n. 10 (11th Cir. 2007)). Furthermore, "[t]o have standing to bring a claim under the Lanham Act, a plaintiff must have both constitutional and statutory standing." *Spiral Direct, Inc. v. Basic Sports Apparel, Inc.*, 151 F. Supp. 3d 1268, 1278–79 (M.D. Fla. 2015) (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129 (2014)). Likewise, to pursue a copyright infringement claim, a plaintiff "must meet the statutory standing requirement contained in the Copyright Act of 1976." *Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011). "The procedural vehicle to frame [the statutory standing] issue is a motion under Rule 12(b)(6)." *Palm Beach Concours, LLC v. SuperCar Wk. Inc.*, 2022 WL 18034428, at *3 (S.D. Fla. Dec. 30, 2022); *see also In re Cirba Inc.*, 2021 WL 4302979, at *4 (Fed. Cir. Sept. 22, 2021) (explaining that Rule 12(b)(6) is the proper procedural basis for challenging statutory standing).

**B.  Omnia lacks standing to bring claims for infringement of the '539 and '511 utility patents.**

Federal Circuit case law is unequivocal: "if the original [patent] claim is cancelled . . . the patentee's cause of action is extinguished and the suit fails." *Fresenius USA, Inc. v. Baxter Int'l*, Inc., 721 F.3d 1330, 1340 (Fed. Cir. 2013) (holding that in light of the cancellation of the asserted patent claims, "the pending litigation is moot" and vacating and remanding the district court's judgement with

instructions to dismiss). "[W]hen a patent claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot." *SHFL Ent., Inc. v. DigiDeal Corp.*, 729 F. App'x 931, 934 (Fed. Cir. 2018) (quoting *Fresenius*, 721 F.3d at 1340). Therefore, "[s]uits based on cancelled claims must be dismissed for lack of jurisdiction . . . ." *Id.* (vacating the district court's entry of summary judgement as to the cancelled patent claims and "remand[ing] for the district court to dismiss the claims from the action for lack of jurisdiction").

Here, Count 1 of Omnia's Counterclaim and Count 7 of Omnia's Complaint in Consolidated Case No. 8:22-cv-00145 accused PainTEQ of infringing claim 26 of the '539 Patent and claims 1, 2, 5, 9, 10, 14, 15, 18, and 19 of the '511 Patent, respectively. PainTEQ challenged validity of all asserted claims before the Patent Trial and Appeal Board (PTAB) at the USPTO in *inter partes* review (IPR) proceedings IPR2022-00335 and IPR2023-00451. On May 24, 2023, the PTAB issued its Final Written Decision in IPR2022-00335 invalidating claims 26-28 and 31 of the '539 Patent, and on December 1, 2023, the PTAB issued its Final Written Decision in IPR2023-00451 invalidating all claims of the '511 Patent. (Doc. 133). Omnia did not appeal either decision. As a result, on February 8, 2024, the USPTO cancelled claims 26-28 and 31 of the '539 Patent (Exhibit A) and on February 14, 2024, cancelled claims 1-23 of the '511 Patent (Exhibit B). Accordingly, because the USPTO cancelled all of the utility patent claims asserted in this litigation, Count 1

of Omnia's Counterclaim and Count 7 of Omnia's Complaint are moot and must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

### C. Omnia lacks standing to bring claims for infringement of the '387 and '388 trademark registrations.

Omnia lacks statutory standing to pursue claims for infringement of the '387 and '388 trademark registrations. The Lanham Act grants standing to assert a claim for infringement of a registered trademark exclusively to the "registrant," which is defined to include the original registrant and its "legal representatives, predecessors, successors and assigns." 15 U.S.C. § 1114(1); 15 U.S.C. § 1127; *see also Roor Int'l BV v. Good Timez III, LLC*, 2019 WL 4933657, at *2 (M.D. Fla. Oct. 7, 2019). When Omnia filed its Counterclaim on December 18, 2020, it was Orthocision—not Omnia—that was the registrant and the sole owner of the '387 and '388 trademark registrations. (Doc. 20-12; Doc. 20-13). Omnia merely had a revocable licensee to use the registered marks, without any property interest and without any ownership rights. (Exhibit D).

Courts in the Middle District have concluded that "[i]n the trademark context, '[w]here a licensing agreement does not grant the licensee a property interest in the mark or otherwise assign to the licensee the registrant-licensor's ownership rights, the licensee, even if exclusive, cannot enforce the mark under § 32 [of the Lanham Act].'" *Id.* at *3 (quoting *National Licensing Association, LLC v. Inland Joseph Fruit Co.*, 361 F. Supp.2d 1244, 1255 (E.D. Wash. 2004)) (brackets in original); *see also Sream, Inc. v. Grateful J's, Inc.*, 2017 WL 6409004,

at *3 (S.D. Fla. Oct. 13, 2017) ("With respect to a licensee, standing to sue depends largely on the rights granted to the licensee under the licensing agreement. . . . A plaintiff . . . must show that its license amounts, in fact, to an assignment to establish entitlement to sue under Section 32(1) [of the Lanham Act]."). Furthermore, to have statutory standing under the Lanham Act, the plaintiff must own the trademark rights *prior* to bringing the infringement claims in court, and therefore an assignment agreement executed *after* commencement of the litigation does not cure the lack of standing. *Gaia Technologies, Inc. v. Reconversion Technologies, Inc.*, 93 F.3d 774, 779-80 (Fed. Cir. 1996) (holding that an assignment agreement executed after commencement of the litigation "is not sufficient to confer standing . . . retroactively" and "revers[ing] the district court's denial of the defendants' motion to dismiss the . . . trademark infringement claims based on [plaintiff's] lack of standing").

In the present case, the only agreement between Orthocision and Omnia with respect to the '387 and '388 trademarks that existed when Omnia sued PainTEQ for trademark infringement is the IP License Agreement, with an effective date of October 2, 2020. This agreement is clear that Orthocision gave Omnia only a revocable right "to use" its trademarks, while Orthocision retained the "ownership interest and other rights." (Exhibit D, ¶ 2). Notably, under Section 2.2 of the IP License Agreement, all rights not expressly granted to Omnia are reserved to Orthocision. *Id.*

Courts have routinely held that this sort of limited license, which retains ownership rights with the trademark registrant, and does not convey any goodwill whatsoever, is not an assignment and does not establish standing to bring a claim for trademark infringement. *See Kroma Makeup EU, LLC v. Boldface Licensing + Branding*, Inc., 920 F.3d 704, 709 (11th Cir. 2019) (affirming district court's finding that license agreement did not establish standing to assert trademark infringement claim where ownership of the mark was expressly reserved by the licensor); *Roor*, 2019 WL 4933657, at *3 (holding that licensee lacked standing to sue for trademark infringement where licensing agreement did not assign ownership rights to the mark); *Alder Tobacco Group, LLC v. American Cigarette Co. Inc.*, 2009 WL 10682051, at *1 (S.D. Fla. June 18, 2009) (dismissing infringement claims for lack of standing where plaintiff "retain[ed] no more than a revocable license" in the intellectual property at issue); *Calvin Klein Jeanswear Co. v. Tunnel Trading*, 2001 WL 1456577 (S.D.N.Y. Nov. 16, 2001) (holding that licensee lacked standing to bring trademark infringement claim where license agreement expressly provided that licensor retained rights and ownership in the trademark); *Gruen Marketing Corp. v. Benrus Watch Co., Inc.*, 955 F.Supp. 979 (N.D. Ill. 1997) (holding that license agreement was not the equivalent of an assignment and therefore did not establish standing where license agreement "unequivocally reserved numerous rights" in the trademark and indicated that licensor retained ownership of the mark).

Because the IP License Agreement, by its clear terms, is merely a *license* for Omnia to use Orthocision's trademarks—as opposed to an assignment transferring property rights and goodwill—the IP License Agreement does not confer on Omnia statutory standing to bring its trademark infringement claims. The Court should therefore dismiss Counts 5 and 6 of the Counterclaim under Rule 12(b)(6).

### D. Omnia lacks statutory standing to bring a claim for infringement of the '321 and '904 copyright registrations.

Omnia also lacks statutory standing to bring its claims for infringement of the '321 and '904 copyright registrations for alleged infringement that occurred prior to two critical dates: October 2, 2020 and June 26, 2020.

Under the Copyright Act of 1976, "only the legal or beneficial owner of an 'exclusive right' has standing to bring a copyright infringement action." *Saregama India Ltd. v. Mosely*, 635 F.3d 1284, 1290-91 (11th Cir. 2011) (citing 17 U.S.C. § 501(b)). Furthermore, Section 501(b) of the Copyright Act dictates that "the legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed **while he or she is the owner of it**." 17 U.S.C. § 501(b) (emphasis added). Thus, "[t]he copyright owner must have such status **at the time of the alleged infringement** to have standing to sue." *Optima Tobacco Corp. v. US Fluie-Cured Tobacco Growers, Inc.*, 171 F. Supp. 3d 1303, 1308 (S.D. Fla. 2016) (emphasis added); *see also John Wiley & Sons, Inc. v. DRK Photo*, 882 F.3d 394, 405 (2d Cir. 2018) ("[S]ection 501(b) prevents even holders of one of the six exclusive section 106 rights from suing unless the alleged infringement occurred 'while he or she [was] the owner of it.'")

(quoting 17 U.S.C. § 501(b)); *Silvers v. Sony Pictures Ent., Inc.*, 402 F.3d 881, 885 (9th Cir. 2005) ("[I]n order for a plaintiff to be 'entitled ... to institute an action' for infringement, the infringement must be 'committed while he or she is the owner of' the particular exclusive right allegedly infringed.") (quoting 17 U.S.C. § 501(b)).

Here, Omnia did not have any rights in the '321 and '904 copyright registrations until the effective date of the IP Licensing Agreement, which is October 2, 2020. Thus, under Section 501(b) of the Copyright Act, Omnia lacks statutory standing to sue for infringement of the '321 and '904 copyright registrations that occurred prior to that date. For this reason, the Court should dismiss Counts 3 and 4 of Omnia's Counterclaim under Rule 12(b)(6) to the extent they are based on infringement that allegedly occurred prior to October 2, 2020.

Additionally, and independently, the '321 copyright registration lists three authors—Troy Schifano, Steve Anderson, and Adam Young (Doc. 20-7)—while the '904 copyright registration lists Adam Young as the sole author (Doc. 20-9). These individual authors were the sole owners of the copyrights in their respective works until they assigned their rights to Orthocision on June 26, 2020. (Composite Exhibit E); *see* 17 U.S.C. § 201(a) ("Copyright in a work protected under this title vests initially in the author or authors of the work. The authors of a joint work are coowners of copyright in the work."). When the individual authors assigned their copyright to Orthocision, they did *not* convey to Orthocision the right to sue for past infringement (i.e., infringement that occurred prior to execution of the June 26, 2020 assignments). (Composite Exhibit E.) Accordingly, under the provisions

of 17 U.S.C. § 501(b), only these individuals (not Orthocision or, by extension, Omnia) had statutory standing to sue for copyright infringement that occurred prior to June 26, 2020.

Since Orthocision never acquired the right to sue for copyright infringement that occurred before June 26, 2020, it did not confer—and could not have conferred—that right on Omnia. *See Abraxis Bioscience, Inc v. Navinta LLC*, 625 F.3d 1359, 1365 (Fed. Cir. 2010) (explaining that a purported assignment is a nullity where the assignor lacks legal title to assign) (citing *Filmtec Corp. v. Allied-Signal Inc.*, 939 F.2d 1568, 1572 (Fed. Cir. 1991)). For this additional reason, Omnia lacks statutory standing to sue for infringement of the '321 and '904 copyright registrations that occurred prior to June 26, 2020. *See Lorentz v. Sunshine Health Prod., Inc.*, 2010 WL 3733986, at *8 (S.D. Fla. Aug. 27, 2010) ("If Plaintiff did not have the right to sue for accrued infringements at the time she filed this action, she lacks standing to maintain this action.") (citing *Prather v. Neva Paperbacks, Inc.*, 410 F.2d 698, 700 (5th Cir. 1969)).

Omnia therefore lacks statutory standing to pursue Counts 3 and 4 of its Counterclaim to the extent they allege copyright infringement that occurred prior to June 26, 2020, and the Court must dismiss these counts under Rule 12(b)(6).

## CONCLUSION

Counts 1, 3, 4, 5, and 6 of Omnia's Counterclaim and Count 7 of Omnia's Complaint in Consolidated Case No. 8:22-cv-00145 assert claims for infringement of intellectual property rights that Omnia does not have. Omnia's asserted utility

patent claims have been cancelled. The limited trademark rights held by Omnia at the time of filing of its Counterclaim were derived from an agreement which conveyed only a limited, revocable license to use Orthocision's trademark registrations in connection with the manufacture and sale of medical devices and does not establish statutory standing to sue for trademark infringement. Similarly, Omnia did not own any rights in the '321 and '904 copyright registrations prior to October 2, 2020, and the rights Orthocision conveyed to Omnia in connection with these copyright registrations did not include the right to sue for past infringement, and therefore Omnia lacks statutory standing to its claim for copyright infringement.

WHEREFORE, PainTEQ respectfully requests that the Court enter an Order dismissing Counts 1, 3, 4, 5, and 6 of Omnia's Counterclaim and Count 7 of Omnia's Complaint in Consolidated Case No. 8:22-cv-00145 for lack of subject matter jurisdiction.

## LOCAL RULE 3.01(g) CERTIFICATION

PainTEQ certifies that it conferred with Omnia on the merits of this motion on February 21, March 20, March 27, April 3, and April 4, 2024, but Omnia is still unable to state whether it opposes the relief sought in this Motion. PainTEQ is therefore filing the motion as opposed in order to move the case forward, but it will update this certification or otherwise notify the Court if it learns that Omnia does not oppose dismissal of any of the referenced claims.

HILL, WARD & HENDERSON

/s/ David L. Luikart III
David L. Luikart III (FBN 21079)
Stephen E. Kelly (FBN 29091)
Ryan J. Leuthauser (FBN 99517)
Thomas J. Banks (FBN 1017731)
HILL WARD HENDERSON, P.A.
101 East Kennedy Blvd., Ste. 3700
Tampa, Florida 33602
Tel: (813) 221-3900
Fax: (813) 221-2900
Dave.Luikart@hwhlaw.com
Stephen.Kelly@hwhlaw.com
Ryan.Leuthauser@hwhlaw.com
Thomas.Banks@hwhlaw.com
Ann-Marie.Hallett@hwhlaw.com
Michelle.Armstrong@hwhlaw.com
Chelsea.Bonetti@hwhlaw.com
Julie.Mcdaniel@hwhlaw.com

*Attorneys for PainTEQ, LLC*