UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PAINTEQ, LLC,**

    **Plaintiff,**

v.                                     **Case No.: 8:20-cv-2805-VMC-AAS**

**OMNIA MEDICAL, LLC,**

    **Defendant.**
_____/

## ORDER

Plaintiff PainTEQ, LLC moves under Federal Rule of Civil Procedure 37 for entry of an order sanctioning Defendant Omnia Medical, LLC (Omnia) for violating the court's January 30, 2024 Order (Doc. 130) granting PainTEQ's Motion to Compel (Doc. 125) (the January 2024 Order). (Doc. 135). Omnia opposes the PainTEQ's motion. (Doc. 140).

### I.   BACKGROUND

Omnia filed a breach of contract counterclaim alleging that PainTEQ used certain "confidential or proprietary information in a manner inconsistent with the terms of the [parties'] Stocking Agreement." (Doc. 20, p. 45, ¶ 111). PainTEQ moved to compel Omnia to provide an amended response to motion Painteq's Interrogatory No. 19's request for Omnia to describe with any degree of specificity the "confidential or proprietary information" at issue or how

1

PainTEQ misused it. (Doc. 119). The January 2024 Order granted PainTEQ's motion and ordered Omnia to serve an amended response. (Doc. 130). Omnia timely provided PainTEQ with an amended response. (*See* Doc. 135-1).

PainTEQ argues Omnia's amended response to PainTEQ's Interrogatory No. 19 is evasive and incomplete and therefore constitutes "a failure to disclose, answer, or respond" under Rule 37(a)(4). PainTEQ requests that the court enter an order under Rule 37 prohibiting Omnia from supporting, and otherwise striking from this case, Omnia's counterclaim that PainTEQ used confidential or proprietary information in breach of the parties' Stocking Agreement. (Doc. 135). Omnia opposes PainTEQ's motion. (Doc. 140).

## II.   STANDARD

Federal Rule of Civil Procedure 37 states:

> If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following:
>
> > (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> >
> > (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> >
> > (iii) striking pleadings in whole or in part;

>    (iv) staying further proceedings until the order is obeyed;
>
>    (v) dismissing the action or proceeding in whole or in part;
>
>    (vi) rendering a default judgment against the disobedient party; or
>
>    (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

"Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure [sic] the integrity of the discovery process." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374–75 (11th Cir. 1999) (per curiam) (citation omitted). The court has "broad discretion to fashion appropriate sanctions for violation of discovery orders . . ." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993). "'[I]n fashioning sanctions, courts should ensure that the sanctions are just and proportionate to the offense.'" *Askan v. Faro Technologies, Inc.*, No. 6:18-cv-1122-Orl-40DCI, 2019 WL 2210690, at *2 (M.D. Fla. Feb. 22, 2019) (quoting *Wallace v. Superclubs Props., Ltd.*, No. 08-61437-CIV, 2009 WL 2461775, at *5 (S.D. Fla. Aug. 10, 2009)).

## III. ANALYSIS

The January 2024 Order states "it remains unclear what Omnia specifically considers is the confidential information PainTEQ misused" and

ordered Omnia to provide a "complete response to Interrogatory No. 19." (Doc. 130). Omnia amended its interrogatory answer to include 14 types of confidential information Omnia contends PainTEQ misused and 56 contentions as to how, including 36 events, with dates. (*See* Doc. 135-1). Omnia's answer is sufficiently complete.

The party requesting sanctions under Rule 37 bears the burden of establishing that an opposing party violated Rule 26 or a discovery order. *See DeepGulf Inc. v. Moszkowski*, 333 F.R.D. 249, 253 (N.D. Fla. 2019). The "drastic sanctions of dismissal or default are warranted *only* on a clear record of delay or willful contempt." *Cent. Fla. Council Boy Scouts of Am., Inc. v. Rasmussen*, No. 6:07-cv-1901-Orl-19GJK, 2009 WL 2781540, at *5 (M.D. Fla. Aug. 28, 2009) (emphasis added). A district court's power to impose dismissal or default judgment against a non-compliant party, therefore, should be used only as a last resort. *Malautea*, 987 F.2d at 1542. ("[T]he severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance[.]"). This is due to the strong policy for courts adjudicating cases on their merits. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1342 (11th Cir. 2014) (noting the "strong preference that cases be heard on the merits").

PainTEQ requests that the court sanction Omnia by striking its breach

of contract counterclaim. (Doc. 135, p. 14). A review of the cases cited by PainTEQ in support of this severe sanction reveals circumstances much more egregious and prejudicial than the circumstances here – especially considering the court's conclusion that Omnia's interrogatory response is now sufficiently complete. *See Natl. Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 640-41 (1976) (finding that repeated failures to comply with discovery requirements "exemplify flagrant bad faith when after being expressly directed to perform an act by a date certain . . . they failed to perform"); *Bevan v. Lee Cty. SO*, 213 F. App'x 824, 827 (11th Cir. 2007) (affirming the district court's dismissal of the plaintiff's complaint against the defendants for his willful disregard of the court's discovery orders, "by failing to provide the factual basis for his claims, [the plaintiff] prevented law enforcement defendants from obtaining information essential to preparing their defense."); *Whitesell Corp. v. Electrolux Home Prod., Inc.*, No. CV 103-050, 2019 WL 637776, at *5 (S.D. Ga. Feb. 14, 2019) (striking a breach of contract claim where the respondent misrepresented to the court that the requested data did not exist, and repeatedly refused to provide it); *First Coast Energy, L.L.P. v. Mid-Continent Cas. Co.*, No. 3:12-cv-281-J-32MCR, 2015 WL 5159140, at *6 (M.D. Fla. Sept. 2, 2015) (entering partial default as a sanction based on a finding that a party had "continue[d] to flout the discovery rules"). PainTEQ cannot demonstrate a

"clear record of delay or willful contempt" in Omnia's amended response to PainTEQ's Interrogatory No. 19.

## IV.  CONCLUSION

Accordingly, it is **ORDERED** that PainTEQ's motion for sanctions (Doc. 135) is **DENIED**.

**ENTERED** in Tampa, Florida on April 10, 2024.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge